# CASES ADJUDGED

# COURT OF ERRORS AND APPEALS

## OF THE STATE OF NEW JERSEY,

### ON APPEAL FROM THE COURT OF CHANCERY.

### MARCH TERM, 1875.

---

GUEST, appellant, and HEWITT, respondent.

SAME APPELLANT, and HEWITT and WARD, respondents.

A party coming into a case by petition, by force of the forty-first section of the chancery act, is no further bound by the previous orders and proceedings in the cause, than the party whose interest he has acquired would have been bound.

---

The opinion of the Chancellor is reported in 10 *C. E. Green.* 100.

*Mr. Linn,* for appellant.

*Mr. Cortlandt Parker,* for respondents.

The opinion of the court was delivered by
THE CHIEF JUSTICE.

The appellant, William A. Guest, became the purchaser of the road of the Montclair Railway Company, at a sale by a receiver, and immediately thereupon applied, by petition, to

be made a defendant in two foreclosure suits that were pending at the time of such purchase. One of the suits had then gone to a final decree ; and in the other, a decree *pro confesso* had been taken. In the former of these cases, the Chancellor refused the application, and in the latter, granted it, allowing the petitioner to be made a defendant in the cause, but restricting him from filing an answer, plea or demurrer, and from setting up any defence to the bill. The petitioner has appealed from each of these orders.

This application to be let in as a defendant, was made by virtue of a supplement to the chancery act, passed in 1870 ; this provision is embodied in the forty-first section of the act respecting the Court of Chancery, as contained in the late revision. Its purpose is to furnish an easy mode of letting in persons as parties to the suit, who have acquired an interest after its inception. The form thus devised is by a verified petition. This step being taken, the statute then contains this direction : " And the Chancellor may thereupon, if it appear that such person is entitled to be made a party to the cause, and has acquired his interest from some party to the same, order that he may be made a party thereto ; but such person shall be bound by all orders and proceedings in the cause against the party whose interest he has acquired, and the cause shall not be delayed by the admission of such party," &c.

From the opinion sent up with this case, it seems to have been the view of the Chancellor, that a person being made a party under this statute, could not be permitted to call in question any of the antecedent proceedings in the cause. According to this interpretation, the words of the act, declaring that the party newly added " shall be bound by all orders and proceedings in the cause against the party whose interest he has acquired," became absolute and peremptory. But we think this is not the proper meaning of this law. The object was to offer an easy access to the person who had acquired the interest of one of the litigants, and to do this upon the equitable condition, that he should take the place of such superseded party upon the record ; he should stand in the suit in his stead,

and be bound by all the anterior proceedings, to the same extent as such original party was bound. It could not have been the intention to impose upon the incoming party, the obligation to submit to an order, previously made, if he could show, to the satisfaction of the Chancellor, that such order had been obtained in violation of the rules of practice, or the principles of equity. In such respects, it would seem that his right to ask the court to interfere and set things right, would be precisely the same as would have been the right of him whom, as a party, he superseded.

But although this appears to be the true meaning of the statutory provision in question, still we see no reason to call in question the order which has been made in either of these cases. In the suit in which a final decree has been made, it does not appear how it would advantage the appellant to be joined to the proceedings as a defendant. The grounds disclosed in the evidence, it is certain, would not enable him to ask that this final decree should be opened. Such an application would not deserve to be listened to. Taken at their strongest, the proofs made by the petitioner may be said to show that there is a possibility that some of the bonds, the moneys secured by which are embraced in the decree, have not been legally issued. But decrees are not opened on such an unsubstantial ground. If there has been any fraud or mistake in the case, the petitioner has his remedy, without being a party to the record. He has lost no appreciable right by the refusal of the Chancellor to admit him.

With respect to the other application, it is sufficient to say that it is destitute of every semblance of merit. The Chancellor's order is that, in this case, the petitioner be admitted as a party, but that he shall be bound by the decree *pro confesso* already taken. Why is this a hardship? Not a particle of evidence has been taken to show that any reason exists why this decree should not stand.

We think both orders appealed from should be affirmed, with costs.

Orders unanimously affirmed.