Partridge v. Perkins.

The appellants are entitled to the benefit of the newly-discovered evidence. The decree dismissing the complainants' bill should, therefore, be reversed, the injunction heretofore granted be made perpetual, and the cause be remitted to the court of chancery for a retrial on the merits of the case, by a feigned issue or otherwise, according to the rules and practice of that court.

For reversal—DEPUE, SCUDDER, VAN SYCKEL, CLEMENT, GREEN, LATHROP, WALES—7.

For affirmance—BEASLEY, C. J., DIXON, REED, DODD—4.

---

CHARLES F. PARTRIDGE, appellant,

v.

L. MURRAY PERKINS, respondent.

On appeal from a decree of the chancellor, reported in Perkins v. Partridge, 3 Stew. 559.

Mr. S. Howell Jones, for appellant.

I. An appeal will lie from an order refusing leave to file bill of review on the ground of newly-discovered evidence. Beach v. Fulton Bank, 2 Wend. 225.

II. It is respectfully submitted that the newly-discovered documentary evidence, although partly cumulative, is of the proper character on which to base this application. Cumulative written evidence has been considered sufficient in Love v. Blewit, 1 Dev. & Bat. Eq. 108, 110; Head v. Head, 3 A. K. Marsh. 121; Mulock v. Mulock, 1 Stew. 15; Quick v. Lilly, 2 Gr. Ch. 257.

III. The receipts and other newly-discovered written evidence as to the payment of the interest on the mortgage in question, by Bouton and Phillipps, are also very important,

proving that the alleged false statements in that regard were substantially true.

. IV. All the representations made by the defendants as to material facts (outside of mere bargain talk as to estimated value), are substantially true. To establish, however, his case, the complainant must show that not only are the statements false, but that they are false in a material particular. *Story's Eq. Jur.* (*ed. 1877*) § *191*.

The statement that the Herkimer property had been sold for a certain amount, was the substantial part of the representation regarding its sale. Whether it had been sold by Partridge, or by Thomas H. Phillipps, was of no importance -in influencing the mind of the complainant. The newly-discovered parol evidence which petitioner has found, should be allowed to explain the newly-discovered documentary evidence. *Quick* v. *Lilly, 2 Gr. Ch. 257.*

*Mr. B. A. Vail,* for respondent.

The appellant asks leave to file a bill of review, not upon the ground of *error*, but upon the ground of *newly-discovered matter*. Matter must not only be *new* but *material* (*Quick* v. *Lilly, 2 Gr. Ch. 257*); and must be such as the party could not have discovered, with reasonable diligence. *Story's Eq. Pl.* § *414; Livingston* v. *Hobbs, 3 Johns. Ch. 124.*

I. The evidence which the appellant offers would not establish any *new* matter. There was testimony upon all the points contained in the petition, in the case before the chancellor. The evidence would be merely cumulative, and could all have been obtained by the appellant with proper diligence. A bill of review, therefore, should not be allowed. *Livingston* v. *Hobbs, 3 Johns. Ch. 127; 2 Freem. 31; Pendleton* v. *Fay, 3 Paige 204.*

II. But the matter must not only be *new*, but *material*. If the evidence now offered had all been taken in the original cause, the appellant's case would not have been strength-

·ened.  It is, therefore, immaterial.  *Young* v. *Keighly*, *16 Ves. 348 ; Wiser* v. *Blachly*, *2 Johns. Ch. 488.*

If the evidence had been admitted, the appellant would have been allowed to contradict his own witness.

III. But, again, a party will not be allowed to file a bill of review until he has performed the decree.  *Wiser* v. *Blachly*, *2 Johns. Ch. 488 ; Story's Eq. Pl.* § *406.*

In this case the appellant was not only decreed to reconvey the property, but pay costs.  He has not offered to pay costs, nor shown his inability to do so.  Upon this ground alone, the petition should be dismissed.

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the chancellor in the case below.

---

MARCUS L. WARD and others, appellants,

*v.*

JULIUS H. PRATT and others, respondents.

On appeal from the following decree advised by

THE VICE-CHANCELLOR.

This cause coming on to be heard before the court, in presence of John Linn, of counsel with the complainants, and of Cortlandt & R. Wayne Parker, of counsel with the defendants, Marcus L. Ward and Abram S. Hewitt, the complainants' bill having been heretofore taken as confessed against the other defendant, and the pleadings and proofs having been read and heard, and the arguments of the respective counsel having been heard and considered, and the court having duly considered the said pleadings, proofs and arguments, and it appearing to the court that