Davis v. Sullivan.

WILLIAM H. DAVIS, assignee of Norris, appellant,

*v.*

NAHUM SULLIVAN et al., respondents.

1. A defendant in a chancery suit being decreed a bankrupt between a decree *pro confesso* and a final decree, does not abate or stay the proceedings.

2. A party who, having acquired an interest during the pendency of the suit, applies, under the chancery act, to be made a party in order to move to open the decree, must present, in his petition, a case of substantial equity.

3. Claiming in the court below the right to be let in as a party for a specified purpose, he cannot object, on appeal, to the order refusing his admission, that he had the right to be joined to the suit for another purpose.

On appeal from an order of the chancellor, refusing to open a final decree in order to let in the appellant to answer and defend.

Edward T. Norris transferred to a trustee certain promissory notes for the payment of certain enumerated creditors. Such transfer was conditional on all the enumerated creditors coming in and accepting it. Some time after such transfer and delivery of such notes to the trustee, and after a large number of such creditors had accepted the offer, Norris notified the trustee that he had revoked such assignment and trust. A bill was then filed by some of the creditors who had come in against Norris and the trustee, making the rest of the enumerated creditors parties, to have the trust executed, and setting up, in avoidance of the above-mentioned revocation, that the said Norris had undertaken to procure the assent of the rest of the creditors, and that if he had not procured such assent, he had acted in bad faith. To this bill Norris did not appear, and an order for a decree *pro confesso* having been taken, in the end a final decree was entered against him and the trust was directed to be carried into effect. Subsequent to this final decree, and after the moneys, in a great part, had been distributed, one William H. Davis, assignee in bankruptcy of the said Edward T. Norris, presented his peti-

Davis *v.* Sullivan.

tion to open the said decree and to let him in to defend, setting forth, as the grounds of his application, that he had been appointed such assignee during the pendency of the suit, and between the decree *pro confesso* and the final decree; that without notice to petitioner, the complainants, " by the consent and collusion of the said bankrupt," had taken a decree without notifying the court that such debtor had been declared a bankrupt, and that said petitioner had, as his assignee, demanded of the assignee the trust fund; that the trust settlement was a unilateral agreement and had been revoked.

The chancellor refused, on this petition, to make the assignee a party, and to open the decree to let him in to answer &c.

*Mr. Gilbert Collins*, for petitioner.

In this case, application (by petition filed after decree) was made by the assignee in bankruptcy of a defendant in a chancery suit, first, that he might be admitted as a party to the suit; and second, that the decree might be opened, and he, permitted to defend. The bankrupt had not answered, and the decree, as to him, was *pro confesso*.

This application, and *every part thereof*, the chancellor denied. From his denial this appeal was taken.

I. The chancellor should at least have admitted the assignee as a party. *Eyster* v. *Gaff, 1 Otto 521; Rev. 111 § 42; Rev. 125, § 114; 2 Dan. Ch. Prac. 1460, 1461,* and notes.

II. The chancellor should have opened the decree and permitted the assignee to defend.

III. There has been no laches on the part of the assignee.

*Mr. J. D. Bedle*, for respondents.

If Davis, as assignee, desired to be made a party, it was his business to apply, and not the duty of the complainants to make him a party. *Eyster* v. *Gaff, 1 Otto 521; Esterbrook* v. *Ahern, 4 Stew. Eq. 4.*

Davis *v.* Sullivan.

It is questionable whether an assignee *pendente lite* could be made a party, if he does not apply or consent. *Norton* v. *Switzer, 3 Otto 360.*

II. Under our statute (*Rev. 110,* § *41*), if the assignee could be admitted, he would only stand in place of the defendant Norris, and would be entitled, as defendant, to no other rights than Norris. *Guest* v. *Hewitt, 12 C. E. Gr. 480.*

This, also, is so under the bankrupt act. *Rev. Stat. U. S. 1875,* § *5047.*

Norris is concluded by decree *pro confesso* and final decree.

III. Laches. Decree executed. The trustee obeyed the decree in good faith.

IV. There is no equity in the application. By no possibility is there anything to be reached but $657.83, and Davis has no equity to that. Besides, it could only be claimed by bill.

The application must show a right to be made a party. *Gunther* v. *Greenfield, 3 Bank. Reg. 179.*

V. The district court of the United States for New Jersey, in which Davis was appointed assignee, Nixon, J., decided July 17th, 1879, that the sale from Norris to Clerihew was valid against a judgment creditor. *Howard* v. *Clerihew and Norris.*

VI. The transfer of the notes was to pay certain *bona fide* creditors, and its good faith is not questioned in this application. The assignee seeks only to defend under Norris, and to set up his defence.

VII. The assignee must file his original bill if he claims relief in behalf of any creditor, showing his grounds, and giving an opportunity of answer and defence, but we deny, in fact and in law, any right to relief. The nature of the claim, its genuineness, when contracted, how held, and the standing of the holder to attack the transfer, are all controvertible.

VIII. This transfer is dated October 5th, 1876. The petition in bankruptcy was filed August 28th, 1878, nearly two years afterwards. The transfer is not void by reason of being within the periods of the bankrupt act, which avoids transfers in fraud

Davis v. Sullivan.

of it.   *Rev. Stat. U. S. (1875) §§ 5128, 5129.*   These periods
were four months and six months, afterwards changed to two
and three months.   Act June 22d, 1874, *18 Stat. 1880 ch. 390*
§ *10.*

But if within the period, there must have been actual fraud.
*Tiffany* v. *Lucas, 15 Wall. 410.*

The policy of the bankrupt act has not been to disturb trans-
fers preceding the periods mentioned, and if the assignee could
attack a transfer beyond those periods as against our statute of
frauds, he could, I submit, only do it through a *judgment* credi-
tor, and not a general creditor.   *In re Collins, 12 N. B. R. 379,*
Hunt, J.

The opinion of the court was delivered by

BEASLEY, C. J.

This is an application to admit a person as a defendant to a
suit in chancery on the ground that he obtained an interest in the
subject of litigation during the pendency of the proceedings. This
petitioner became assignee in bankruptcy of one of the principal
defendants in the suit, the object of the bill being to distribute a
part of the property of such party among a certain class of credit-
ors, for whose benefit it had been put in trust. This decree of
bankruptcy, which vested the property and rights of the bank-
rupt in his assignee, was taken between the entering of the decree
*pro confesso* and the final decree against the bankrupt.

It is not pretended that the bankruptcy of this defendant
operated as an abatement of this suit. It is true, that the general
rule is that where an interest in the subject of the suit is obtained
*pendente lite* by a stranger to such suit, through the force of gen-
eral laws, such as assignments in bankruptcy and insolvent acts,
such stranger must be joined as a party before the proceedings
can be carried further. The distinction is between cases of
voluntary alienation and cases of involuntary alienation ; in the
latter class of cases, the assignee must be made a party ; in the
former, he may or may not, at the pleasure of the complainant.
*Story's Eq. Pl. § 342.*   In *Eyster* v. *Gaff, 1 Otto 521,* this dis-

tinction appears to have escaped attention, for in it all assignments *pendente lite* are put on a level, and on that broad ground it is settled than an assignee in bankruptcy, becoming such after the commencement of a suit, need not, of necessity, be joined as a party. In *Cleveland* v. *Boerum, 24 N. Y. 613,* a similar result is reached, but, as it seems to me, on far more scientific grounds, it being in that case held that, as by force of the law of the United States, an assignee in bankruptcy can carry on the suit in the name of the bankrupt, when it appears that he is aware of the pendency of a suit, his non-intervention in his own name raises an implication that he has elected to waive his defence and to let the proceedings go to judgment in the name of the bankrupt. At all events, it must be considered as settled that a suit is not abated or stayed by a defendant to such suit being decreed a bankrupt during its progress, and that the assignee in bankruptcy will be bound by the subsequent proceedings in such suit. This is the doctrine not only of the cases cited, but also of *Esterbrook Co.* v. *Ahern, 4 Stew. Eq. 3.*

But while the foregoing doctrine is admitted, it is insisted in the present case that this assignee has a right to be made a party to this proceeding by force of the forty-first section of the chancery act. That provision is to the effect that, on verified petitions, persons who have acquired an interest after the inception of a suit, may be let in as parties. In construing this enactment in *Guest* v. *Hewitt, 12 C. E. Gr. 479,* this court decided, in substance, that a petitioner under it must show that he would be advantaged by being made a party in respect to the matter touching which he seeks to intervene. In the reported case, there had been a final decree, and the chancellor had refused to admit the petitioner as a party, and that decision was sustained on appeal, for the reason that although the petitioner asked to be made a party so that he might have the final decree opened, he had laid no ground in his petition that could have justified such a course. And herein I find the defect of the present application. There are no sufficient grounds suggested or shown for opening the final decree in this case. We have seen that it is settled that the non-joinder of the petitioner as assignee in bankruptcy is not

even an irregularity, and the fact that the trust in litigation was revoked, is of no force, as such fact was stated in the bill and its effect obviated by the statement of alleged contervailing equities. It does not seem to me that the case presented in this petition gives rise to even a colorable equity as against a result in a suit attained by the usual methods and in due course.

With respect to the suggestion, made here apparently for the first time, that this petitioner should have been admitted, so as to enable him to appeal, if he so desired, from the final decree, to this court, the conclusive answer is, that his petition assigns no such purpose. If he had suggested such a design, it is probable that his application would have been granted by the chancellor. Whether he could have sustained an appeal in the face of a final decree founded on a decree *pro confesso,* is a question not now before this court for decision.

The decree of the chancellor should be affirmed.

*Decree unanimously affirmed.*