THOMAS B. TAYLOR

*v.*

JOHN TAYLOR and EDWARD H. MURPHY et al.

[Filed February 2d, 1900.]

1. Where a creditor of an insolvent acquired an equitable lien on his assets by filing a creditor's bill before bankruptcy proceedings were begun by the debtor, the trustee in bankruptcy took the property subject to such lien.

2. The Bankruptcy act of 1898, section 67, paragraph *b* providing that whenever a creditor is prevented from enforcing his rights as against a lien created by the debtor, who afterwards becomes a bankrupt, the trustee shall be subrogated to and may enforce such rights for the benefit of the estate, does not transfer to the trustee the right of a judgment creditor to enforce an equitable lien acquired by the filing of a creditor's bill before bankruptcy proceedings were begun, or abate such creditor's right to prosecute such suit.

On motion to strike out a bill and part of an answer.

This suit was brought by the complainant, who has a judgment against John Taylor, under the eighty-eighth section of the Chancery act, to reach certain property named or things in action of the defendant, and have the same reduced to possession and delivered to a receiver, in order that the complainant's judgment may be satisfied. An amended answer, and an answer in the nature of a cross-bill, sets up that on January 20th, 1899, after the filing of the bill and issuing subpœna, one William C. Brandt filed his petition in bankruptcy in the United States district court for the district of New Jersey, and prayed that John Taylor be decreed a bankrupt; that on February 27th, 1899, John Taylor was so adjudicated, and on March 16th, 1899, filed a schedule of assets; that a trustee in bankruptcy was duly elected, and on April 14th John Taylor applied for his discharge from all debts provable against his estate under the Bankruptcy act, and that on May 18th following he was discharged from all debts and claims provable against his estate which existed on February 27th, 1899.

*Mr. Garret D. W. Vroom,* for the motion.

*Mr. John J. Joyce, contra.*

Reed, V. C.

If this suit is regarded as a supplementary proceeding in an action at law of Thomas B. Taylor against John Taylor, the bankruptcy of the latter would in no way affect the progress of the suit. So far as the suit concerns John Taylor, who is a defendant, it is entirely settled that his bankruptcy does not abate the suit. The trustee would be substituted for Taylor and the suit would proceed. *Esterbrook Co.* v. *Ahern, 3 Stew. Eq. 341,* and cases cited; *Davis* v. *Sullivan, 6 Stew. Eq. 569, 572.*

The point, however, made by the counsel for Mr. Murphy is that the trustee represents all the creditors, and that inasmuch as this is a suit brought by a creditor to reach the property of his bankrupt debtor, the right to sue for such assets upon bankruptcy passed to the trustee.

In respect to general creditors of a bankrupt the trustee is undoubtedly their representative. In gathering in the assets of a bankrupt he can, as such representative of the general creditors, seek to uncover property fraudulently conveyed or concealed by the debtor. The right of a trustee to pursue and recover by suit any property which legally or equitably belongs to the estate of a bankrupt cannot be doubted. A receiver, as the representative of an insolvent corporation, may file a bill to set aside illegal or fraudulent transfers of the property of a corporation. *Smith. Rec. 397, 406 ; Speilmann v. Graham Button Co., 5 Dick. Ch. Rep. 120, 796.* So, an assignee under our Assignment act and executors and administrators of an insolvent estate as the representative of the general creditors may, for the benefit of the creditors, set aside conveyances of the assignor or decedent made in fraud of their creditors to the extent that such property is needed for the payment of debts. *Pillsbury* v. *Kingon, 6 Stew. Eq. 287.* But while the trustee so represents general creditors, and while the entire right of such creditors to pursue the property of the bankrupt passes to the trustee, he thus obtains an exclusive right to bring such suits. *McCartin's Executors* v. *Perry, 12 Stew. Eq. 198.* Such officer does not succeed to the rights of secured creditors. A creditor who has a lien upon the property of the bankrupt is his own representative so far as concerns his security. *Dudley* v. *Easton, 14 Otto 99.*

In the language of Mr. Justice Bradley, used in *Goddard* v. *Weaver, 1 Woods 260,* he is not the assignee of all the judgments, executions, liens and mortgages outstanding against the bankrupt's property. Thus, in *Yeatmans* v. *Savings Institution, 95 U. S. 764,* it was held that a pledgee of property of a person who became bankrupt was entitled to retain his possession and make his debt.

Now, the complainant in this case had at the date of the institution of the proceedings in bankruptcy a lien upon the equitable property of the bankrupt—a lien which arose by the commencement of this suit more than four months before the bankrupt proceedings were begun.

As a general rule an equitable lien is acquired by the filing of a creditor's bill or a bill in the nature of a creditor's bill upon the choses in action and equitable assets of the judgment debtor. *Sm. Eq. Rem. Cred. p. 234 ¶ 220.*

The existence of this lien was elaborately considered by Vice-Chancellor Sandford in *Storm* v. *Waddell, 2 Sandf. Ch. 494.* An assignee in bankruptcy applied to the court of chancery for money which had been discovered by means of creditors' bills against several bankrupt judgment creditors.

The statute under which the bill was filed was similar to ours. It was held that the right acquired by the creditor was a lien upon the things in action which the creditor had at the time of the commencement of the suit.

The same was held in *Fetter & Co.* v. *Ciroda et al., 4 B. Mon. 482,* where suit was brought by judgment creditors to set aside fraudulent conveyances, and in *Watkins* v. *Pinkney, 3 Edw. Ch. 533,* upon motion to attach defendant in creditor suit for discovery for not assigning his property to the receiver appointed in the suit, and who set up that since the filing of the creditor's bill he had made application for the benefit of the bankrupt law.

To the same purport are the following cases: *Sedgwick* v. *Menck, 6 Blatchf. 156; Johnson, Assignee,* v. *Rogers, 15 Bankr. Reg. 1; In re Hinds, 3 Bankr. Reg. 351; Stewart* v. *Isador, 1 Bankr. Reg. 485; Carr* v. *Fearington, 63 N. C. 560.*

Aside from the question of its existence in relation to bankrupt proceedings, but in support of the lien generally as against other creditors, are the cases of *First National Bank* v. *Shuler, 153 N. Y. 163; Corning* v. *White, 2 Paige 567; McDermutt* v. *Strong, 4 Johns. Ch. 687; Miller* v. *Sherry, 69 U. S. 237.*

In *Coleman* v. *Roff, 16 Vr. 9,* the question was whether, in discovery proceedings taken under the Execution act, an assignment made by defendant to one with notice after proceedings for discovery had been commenced, but before a receiver was appointed, was legal.

It was held that it was not, and in his opinion the Chief-Justice said: "If this judgment creditor, instead of taking steps by force of this act respecting executions, had filed his bill in

Taylor v. Taylor.

equity to reach the intangible property of his debtor, and it had appeared that subsequently to the bringing of such suit and with knowledge of its pendency this defendant had taken an assignment of this property, a decree requiring the payment of such moneys to the receiver would have been a matter of course." As against anyone but a *bona fide* purchaser for value, it is settled by the overwhelming weight of authority that upon filing a bill and issuing a subpœna the judgment creditor acquires a lien which becomes specific when property of the debtor is discovered.

It is entirely settled that a trustee or assignee in bankruptcy takes the property of the bankrupt subject to all equitable liens. *Coll. Bankr. 375.*

As we have already seen from the language of federal judges when considering previous bankrupt acts, the assignee does not represent the lienors, but his representative character is in respect to the general unsecured creditors whose interests are opposed to those of the lienors.

As such representative, the assignee can attack the alleged liens and can defend a suit to enforce them. The policy of the federal supreme court seems to have been to permit any such suit which was pending in a state court at the time when bankruptcy proceedings were begun to proceed to final settlement. This policy is exhibited in two cases.

The Bankruptcy act of 1867 (*Rev. Stat.* ¶ *5106*) provided for a suspension of suits commenced before proceedings in bankruptcy until the discharge of the bankrupt. It was held in *Hill* v. *Harding, 17 Otto 631,* that a suit previously begun in the Illinois court by attachment was only suspended; that after the determination of the question whether a discharge should be granted the creditor could continue his action. "If the discharge is refused [said the court] the plaintiff, upon establishing his claim, may obtain a general judgment. If the discharge is granted the court in which the suit is pending may then determine whether the plaintiff is entitled to a special judgment for the purpose of enforcing an attachment made more than four months before the commencement of the proceedings in bank-

ruptcy or for the purpose of charging sureties on a bond given to dissolve such an attachment."

*Eyster* v. *Gaff, 1 Otto 521,* involved a decree in a foreclosure suit when the mortgagor had *pendente lite* become bankrupt. It was insisted that all questions in respect to the lien of the mortgage was, by operation of the bankruptcy proceedings, drawn into the bankruptcy court. But, said Mr. Justice Miller: "The opinion seems to have been quite prevalent in many quarters at one time that the moment a man is declared bankrupt the district court which has so adjudged draws to itself by that act not only all control of the bankrupt's property and credits, but that no one can litigate with the assignee contested rights in any court except in so far as the circuit court have concurrent jurisdiction, and that either courts could proceed no further in a suit of which they had at that time full cognizance; and it was a prevalent practice to bring in persons who contested with the assignee any matters growing out of disputed rights of property or of contracts into the bankruptcy court by the service of a rule to show cause and dispose of their rights in a summary way. This court has already set its face against this view. The debtor of a bankrupt, or the man who contests the right to real or personal property with him, loses none of those rights by the bankruptcy of his adversary. The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in such actions."

Unless, therefore, some provision is to be found in the act of 1898, which abates or suspends pending suits to enforce secured rights in the property of the bankrupt or which confers exclusive jurisdiction upon the bankrupt court to settle those controversies, I do not think the present suit is suspended or abated by the bankruptcy of Mr. Taylor.

It is urged that section 67, paragraph *b*, transfers to the trustee the sole privilege to enforce the rights of this judgment creditor. This paragraph provides

"that whenever a creditor is prevented from enforcing his rights as against a lien created or attempted to be created by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate."

It is perceived that the trustee, by this clause, merely represents the general creditors in attacking an alleged lien upon the bankrupt's property and that he acts for the benefit of the estate. The trustee can contest the lien of the present complainant, but that does not draw the litigation into the bankrupt court.

I find nothing in this clause which abates this suit. I am aware that an injunction has been issued by a referee appointed under the recent Bankruptcy act, to stay a pending suit to set aside a fraudulent conveyance made more than four months before filing the petition in bankruptcy, as well as against supplemental proceedings upon a judgment. *In re Adams, 1 Am. Bankr. Cas. 94; In re DeLong, 1 Am. Bankr. Cas. 66.*

If the conclusions of the referee in the first case are sound, yet the case only goes to the point that the district court can intervene by injunction, not that bankruptcy *proprio vigore* abates the suit in the state court.

There are two recent cases arising since the recent Bankruptcy act was passed. In the case of *Continental National Bank* v. *Katz, 1 Am. Bankr. Cas. 19,* a creditor's bill was filed in which the judgment creditor sought to reach specific assets. More than four months after this the defending debtor filed his petition in bankruptcy, and then applied to the state court to stay the creditor's suit. The motion was refused. This case was followed in *Reed, Murdock & Co.* v. *Cross et al., 1 Am. Bankr. Cas. 34,* where it was held that the complainant had, by filing his bill to reach equitable assets of his debtor, got a lien which was superior to the claim of the bankrupt court, and a stay was refused.

The jurisdiction of state courts to take cognizance of suits between a trustee in bankruptcy and an adverse claimant, is discussed in the recent case of *Heath* v. *Shaffer et al., 2 Am. Bankr. Cas. 98,* by Judge Shiras. He points out that the trustee can appear in the state court and have all his rights protected. There is nothing to prevent the trustee of John Taylor from filing a creditor's bill to reach equitable assets of the bankrupt, nor from appearing in the present suit and contesting the right

of this complainant to prosecute his suit or his right to a lien in preference to other creditors.

It is also to be observed that it is not the trustee of Mr. Taylor who files the answer now in question, nor Mr. Taylor. In respect to the defendant who files the answer, it is clear that the pleading can only be effectual upon the theory that the facts stated of themselves, and without the request of the trustee, strips this court of all jurisdiction to proceed with the cause.

I am constrained to the conclusion that they do not, and that the amended answer must be struck out.