George H. Englehard, receiver of Schroeder & Rogers, complainant-appellant,

*v.*

George J. Schroeder and Mae D. Schroeder, defendants-respondents.

[Decided April 20th, 1923.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church, who filed the following memorandum:

"This is an application for leave to file a bill of review in the above entitled cause. The decree filed in the court of chancery was affirmed by the court of errors and appeals. *92 N. J. Eq. 664.* Decided February 28th, 1921. The

facts of the case are stated in the opinion of Justice Katzenbach. I have therefore thought it unnecessary to repeat them. The grounds for the application is newly discovered evidence. The rule in regard to granting bills of review has been clearly stated by the chancellor in *Kirschbaum* v. *Kirschbaum, 92 N. J. Eq. 7,* in which earlier cases are cited and discussed.

"The chancellor says (at *p. 10*), 'The application would have to be made by petition supported by affidavit that the evidence was not only new but could not have been discovered by reasonable diligence before the hearing, and the court would have to be satisfied that the new matter came to the knowledge of the applicant for the first time since the period at which it could have been made use of in the suit, and that it could not with reasonable diligence have been discovered sooner, and that it is of such character that if brought forward in the court it would have altered the judgment.' And further (at *p. 11*), 'Newly discovered evidence which is merely cumulative is not ground for a new trial.'.

"The testimony in the suit—which consists of several hundred pages—had to do with transactions between Mrs. Mae D. Schroeder, one of the defendants, and a man named Francke. The basis of this application is that complainant wishes to offer new evidence concerning transactions between these same parties, or those in which Mrs. Schroeder was interested. I am unable to agree with counsel for the complainant that the evidence is of such character as not only to affect the merits but to compel the setting aside of the decree of the court of chancery. In my opinion it would have to be much stronger, even if admitted, to set aside a decree of the court which has been affirmed on appeal by our highest court. From my reading of the testimony, brief of counsel, and my impression gathered from the oral argument, I cannot see why complainant could not have obtained this evidence, with due diligence, in time for use at the original hearing.

"For these reasons I will advise a decree denying the

780    COURT OF ERRORS AND APPEALS.

L. Balk Co-op. Co. *v.* Intern'l, &c., Union.    *94 N. J. Eq.*

application. It is unnecessary, therefore, to discuss the question of laches, although there are several decisions of our courts holding that in these matters the principle of the maxim, restraining litigation within reasonable limits, should be applied. *Putnam* v. *Clarke, 36 N. J. Eq. 33."*

*Messrs. Coult & Smith* and *Mr. Gustavus A. Rogers* (of the New York bar), for the appellant.

*Messrs. Ziegner & Lane,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the memorandum filed in the court below by Vice-Chancellor Church.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK—12.

*For reversal*—None.