The petitioners ask leave to be admitted as parties defendants in this suit to set aside conveyances of land made by the Cordosco Construction Company and charged to have been made without consideration and fraudulently, to defeat the complainant's then existing debt, which was later reduced to judgment in a city district court of Newark. The petitioner, Nutley Home Builders, acquired some of the land after the bill was filed and notice of lis pendens was recorded, and mortgaged it to the other petitioner, Evergreen Avenue Construction Corporation. The petitioners claim to have acquired their respective interest for value without notice of the suit, although charged with notice of the lis pendens. The one has conveyed the land warranting the title, the other has assigned the mortgage guaranteeing its payment. A decree pro confesso
has been entered against the defendant under whom they held title, and unless they are admitted they are without remedy and they will have to pay the complainant's debt, the one to make good the warranty, the other the guaranty. *Page 355 
Under sections 29 and 30 of the Chancery act the petitioners would have been admitted to defend on the merits, notwithstanding the decree pro confesso, were they presently owners and mortgagees. Guest v. Hewitt, 27 N.J. Eq. 479. Sections 29 and 30 were repealed by the Chancery act of 1915 (Cum. Supp. Comp.Stat. p. 272), which provides that the chancellor shall by rules regulate the practice and procedure of the court, and the chancellor has by rule 13 provided that "where a person, not a party, has an interest or a title which the decree will affect, the court, on his application, shall direct him to be made a party." The rule has a much wider sweep than the superseded sections 29 and 30, and also than section 58 of the Chancery act, and lets in parties in all manner of suits whose interest will be affected by the decree, so that they may have their day in court and be heard in the pending suit and upon all pertinent issues they may present, without limitation or restriction, save only as to convenience of trial. See Weinberger v. Goldstein, 99 N.J. Eq. 1.
The aim of the act of 1915 was to enable the chancellor to simplify the practice, and this he has done by rules which have brushed aside much that was technical and obstructive, and has broadened the procedure so that rights may be promptly determined whenever the issue may conveniently be presented. The petitioners have interests which the decree will affect of vital importance to them. If the property is sold under the complainant's decree they will be compelled to respond, and against these liabilities they are entitled to protect themselves, and in this suit.
Now, as to the merits of the application. The petitioners do not claim that the conveyances sought to be set aside, and under which they hold title, are not fraudulent, but they say they want to contest the right of the complainant, as a common creditor, to maintain the bill. The complainant's debt is not a statutory lien on the land, and no longer is it necessary that it should be. Under the former practice it was deemed essential, but the Fraudulent Conveyance act of 1919 (Cum. Supp. Comp. Stat. p.647) permits a common creditor, and even one whose debt has not matured, to file a bill *Page 356 
attacking fraudulent conveyances of his debtor. Cross v.Pennsylvania Mortgage Co., 101 N.J. Eq. 51. The petitioners also set up as a ground for interposing, that the debtor had other assets sufficient to satisfy the complainant's judgment. The answer is that the complainant was not required to look to or for any other property of the debtor. He may lay his hands on any of it to make his debt, and the debtor or those in privity under his fraudulent conveyance will not be heard to complain on that score. Then, they say that the complainant released from the operation of this suit and the lis pendens, lands fraudulently conveyed to others. The reply is corollary to the last answer, that it was the complainant's privilege to release whatever he saw fit; the fraudulent grantor or those who hold under him cannot elect what he should retain. The petitioners also say they want to resist the claims of other creditors who have intervened. This is not a class bill and other creditors cannot be admitted as complainants. The defendant, under the subpoena, is in court to respond only to the complainant's bill. The orders admitting other creditors are nullities. The petitioners, as bona fide
purchasers, are unaffected; they are not chargeable by the lispendens with notice of their claims. If the causes for action of the various creditors were the same they could perhaps join as complainants in an original bill under rule 23 and call upon the defendant to answer, but they cannot be admitted as complainants for the purpose of compelling an answer. It would work great mischief if other creditors were admitted in a non-class bill if thereby bona fide purchasers were to be charged by the lispendens with notice of their claims. Lastly, petitioners say the complainant is barred by laches. He brought his suit promptly, and, although he delayed some in its prosecution, that is not laches.
To entitle a party to be admitted to a litigation in which he may be interested he must show merit before he can be let in.Guest v. Hewitt, supra. The petitioners have shown none and their prayer will be denied. *Page 357