GEORGE F. PERRY & SONS, INCORPORATED, a corporation of New Jersey, complainant-appellant,

*v.*

MAX MAND et al., defendants-respondents.

[Submitted June 10th, 1931.  Decided February 1st, 1932.]

*Messrs. Stein, McGlynn & Hannoch,* for the complainant-appellant.

*Mr. Samuel H. Nelson,* for Max Mand and Sarah Mand.

*Mr. George H. Rosenstein,* for Michael Sokol.

The opinion of the court was delivered by

BODINE, J.

The complainant filed a bill to foreclose a mortgage covering lands and premises owned by the defendant Max Mand. The mortgage was dated November 16th, 1928, and was assigned to the complainant on April 12th, 1929.

The validity of the mortgage is not questioned.  The mortgagor alleged, however, that on July 20th, 1928, before the mortgage was executed and before it was assigned to the complainant, the same had been equitably assigned to Michael

Sokol, who claimed to own the same and demanded payment of interest due thereon. The defendant prayed interpleader as between the complainant and Sokol.

At the hearing before the vice-chancellor the admitted facts demonstrated that the complainant had sold to one Znahrenko, the mortgagee, a carload of merchandise and had received in payment of a past due account therefor the assignment of the mortgage in question since Znahrenko could not pay in cash. Sokol, on the other hand, had secured the prior equitable assignment of the mortgage as collateral security for a mortgage which he already held. The court, relying upon *Tate* v. *Security Trust Co., 63 N. J. Eq. 559,* entered a decree adjudging Sokol to be the owner of the mortgage and entitled to the interest thereon and dismissed the bill as to the complainant.

Vice-Chancellor Reed in deciding the *Tate Case, supra,* held that a *bona fide* assignee of a mortgage for value takes free of all latent equities existing in favor of third parties, but that an assignee taking a mortgage merely as security for a pre-existing debt without delivering up the evidence of such a debt was not a holder for value. It is to be noted, however, that in the present case the debt due the complainant was extinguished when the mortgage was assigned. The complainant did not hold the mortgage as security but took the same in satisfaction of its debt.

"The rule that a prior debt is not sufficient to make one a *bona fide* purchaser or mortgagee for value, has never been adopted in New Jersey. Our courts have uniformly held that it is a sufficient consideration to protect one holding the legal right, against the prior equity of one who has no legal right, when the other has no notice of such equity." *Uhler* v. *Semple, 20 N. J. Eq. 288, 293; Traphagen* v. *Hand, 36 N. J. Eq. 384; Sweeney* v. *Williams, Ibid. 459; Butterfield* v. *Okie, Ibid. 482.*

"An assignee of a mortgage takes it subject to all defenses existing against the mortgagee in favor of the mortgagor, but free from latent equities existing in favor of third persons." *DeWitt* v. *VanSickle, 29 N. J. Eq. 209.* See, also, *New*

*Jersey Discount Co.* v. *Telesca, 101 N. J. Eq. 426,* where Vice-Chancellor Backes reaffirmed this proposition of law.

"The [assignee] is entitled to enforce its security under the rule that a *bona fide* purchaser for valuable consideration of a mortgage is protected against any latent equities in favor of third persons against the mortgagor. *Danbury* v. *Robinson, 14 N. J. Eq. 213." McMurtry* v. *Bowers, 91 N. J. Eq. 317, 320.*

"A conveyance of real or personal property as security for an antecedent debt does not, upon principle, render the transferee a *bona fide* purchaser, since the creditor parts with no value, surrenders no right, and places himself in no worse legal position than before. The rule has been settled, therefore, in very many states, that such a transfer is not made upon a valuable consideration, within the meaning of the doctrine of *bona fide* purchase. In some states, on the contrary, even the securing a pre-existing debt is held to be a valuable consideration. Whether the complete satisfaction or discharge or the definite forbearance of an antecedent debt, without the surrender or cancellation of any written security by the creditor, will be a valuable consideration is a question to which the courts of different states have given conflicting answers; but the affirmative seems to be supported by the numerical weight of authority." *2 Pom. Eq. Jur. 1532* § *749.*

Vice-Chancellor Pitney said in *Sipley* v. *Wass, 49 N. J. Eq. 463, 471:* "The rule is that a person taking a mortgage or conveyance as security merely for the payment of a pre-existing debt, is not a *bona fide* purchaser or mortgagee, because the debt still remains and the creditor has lost no right which he had to prosecute and recover it. But when the debt is actually paid and discharged by the purchase of the premises, the rule, as I understand it, is otherwise, and such payment and discharge furnish a sufficient consideration to make the grantee or mortgagee a *bona fide* purchaser or mortgagee."

Had the complainant taken the mortgage as mere security for a pre-existing debt, it would not have been entitled to the same as against the equitable assignee. *Mingus* v. *Con-*

*dit, 23 N. J. Eq. 313; Reeves* v. *Evans, 34 Atl. Rep. 477; Empire State Trust Co.* v. *Trustees of Wm. F. Fisher & Co., 67 N. J. Eq. 602; Ingersoll* v. *Somers Land Co., 82 N. J. Eq. 476; Lawshe* v. *Trenton Banking Co., 87 N. J. Eq. 56.* But since there was an extinguishment of the debt due it by reason of the assignment of the mortgage, and since there was no question of the *bona fides* of the transaction nor the validity of the claim, the decree should have been otherwise. The complainant acquired the legal title to the mortgage for a valuable consideration and without notice of the secret equity. Hence, its right is superior to that of the prior equitable lienor.

For these reasons the decree below will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.