After final hearing and the filing of the court's opinion in this cause (115 N.J. Eq. 348) and upon the return of a motion to settle the terms of the final decree, Elva Corporation, the owner of one thousand seven hundred shares of the five and one-half per cent. preferred stock of the defendant company, filed a petition, on behalf of itself and all other preferred *Page 449 
stockholders of the defendant corporation who might come in and contribute to the expenses of that proceeding, for leave to intervene in this cause as a party defendant on the ground that a decree for the complainant would adversely affect petitioner's rights as a preferred stockholder.
The application is made under paragraph 3 of chancery rule 13, the petitioner claiming to have "an interest or title which the decree will affect;" and it is contended in support of the petition, that upon a prima facie showing of an interest which will be affected by the decree, the petitioner's right to intervene is absolute and the court has no discretion in the matter, citing Boehm v. Rieder, 96 N.J. Eq. 167, andFisovitz v. Cordosco Construction Co., 102 N.J. Eq. 354. I cannot agree with this contention. The chancery rules are intended to facilitate litigation in the court of chancery and are for the guidance of litigants and officers of the court, but they are not inflexible. They are the chancellor's rules and it cannot be said that by their promulgation he deprived himself of all discretion in matters to which they apply. It has been repeatedly held that their operation may be suspended by the chancellor at will. Such, indeed, is the statutory provision.P.L. 1915 ch. 116 p. 186 § 11; 1 Cum. Supp. Comp. Stat. p.272. In Boehm v. Rieder, supra, Vice-Chancellor Buchanan said: "The rule does contemplate, however, that not every one shall be admitted as a party simply because he makes application. It contemplated that no such permission shall be given where the appellant's claims are clearly groundless; he must make a reasonable prima facie showing of a claim that he oughtequitably to be permitted to have tried out." (Italics mine.) See, also, Weinberger v. Goldstein, 99 N.J. Eq. 1 (at p.8). And in Fisovitz v. Cordosco Construction Co., supra, it was held by Vice-Chancellor Backes that one seeking to intervene as a party defendant "must show a meritorious defense to induce the court to act." Clearly the admission of a party is still largely a matter of discretion to be exercised with due regard to the rights of all, and it must be a very meritorious defense which will move the court to permit intervention by one in *Page 450 
petitioner's position after final decree (Guest v. Hewitt,27 N.J. Eq. 479) or after decision on the merits where nothing remains to be done except to enter the formal decree.
It may be conceded that every decree against a corporation adversely affects the interest of its stockholders. But it does not follow that every stockholder has a right to intervene in the suit; and where the corporation is properly defending, and interposes the very defenses sought to be interposed by the one seeking intervention, the record ought not to be unnecessarily encumbered by the admission of stockholders as parties. The corporation defends for its stockholders and in the absence of fraud or bad faith the stockholders' intervention is not necessary, although permissible in the court's discretion.
Now as to the merits of petitioner's proposed defense. It is argued that all purchases of its stock by the defendant company must be pro rata from all stockholders of the same class, and, among other defenses, that the repurchase of complainant's stock by the defendant would be a discrimination against, and an impairment of, the rights of the petitioner, in that it would create an additional and unlawful preference in complainant as a stockholder in the distribution of the capital and assets of the defendant company, citing Berger v. United States Steel Corp.,63 N.J. Eq. 809, in support of this proposition. The facts not being in dispute, the only issue here is one of law. All of the defenses which petitioner now seeks to interpose, except the alleged right to pro rata participation in stock sales to defendant, were advanced by defendant, fully argued on the final hearing and disposed of adversely to defendant and, it follows, to the petitioner. A reargument and a reconsideration of those defenses in this court upon intervention by the petitioner would serve no useful purpose and the defendant may, on appeal, protect itself and its stockholders, including the petitioner, from the results of error here. As to the alleged right to prorate participation in stock sales to defendant, the Berger Case is not in point. That case involved the purchase of stock by the defendant corporation for retirement, not involved here, and *Page 451 
complainant's bill is grounded in fraud and seeks rescission. The universal application of the rule of the Berger Case, as contended, would prohibit a corporation from purchasing its own stock in the open market, regardless of meritorious purpose. No such prohibition can be read into the Corporation act or the decision relied upon. The alleged right does not, therefore, exist, and petitioner has no interest grounded therein which can be affected by the decree. The proposed defense lacking merit there is no right to, or occasion for intervention by petitioner.Fisovitz v. Cordosco Construction Co., supra. The petition is denied.
A similar application was made in this cause by another stockholder (Henry D. Brinley, Esq.) on the authority of Beach
v. Palisade Realty and Amusement Co., 86 N.J. Law 238, prior to final hearing. But no petition was filed and the application was withdrawn when I expressed the opinion that the cited case had no application and it appeared that all proposed defenses had already been interposed by the defendant itself.