The receiver herein was appointed to take over a judgment obtained by T. Phillips Brown against the borough of Pine Hill, in the amount of $2,500 damages and $62 costs. All of the parties to the present suit, with the exception of defendant T. Phillips Brown, are the latter's creditors in some capacity, and the decree sought in this case is one which shall fix the priorities as between the respective parties in and to the fund in the hands of the receiver.
In the suit of Mr. Brown against the borough, a verdict was rendered in his favor in the Camden county circuit court on March 3d 1937; the judgment was entered on March 12th, 1937. Thereafter, on November 18th, 1937, the borough of Pine Hill, in an entirely different suit in the same *Page 202 
court, recovered a judgment against Mr. Brown for $3,632.58. The borough urges an equitable right of set-off, and the provisions of R.S. 2:27-255, as entitling it to set off its judgment against Brown in satisfaction of the judgment of Brown against the borough; this is opposed by all the other claimants to the fund.
I feel obliged to decide against the borough on that question. In the first place, the borough's claim against Mr. Brown, as surety on the bond of a defaulting public official, was, before judgment, an unliquidated claim. Cf. Lomerson v. Huffman,25 N.J. Law 625, 632. And I am satisfied that the borough cannot set off, either in equity or at law, an unliquidated claim against the judgment which Mr. Brown recovered against it. Cf.Corson v. Bailey, 98 N.J. Eq. 323. Nor does the alleged insolvency of Mr. Brown alter this disposition of the matter.Trotter v. Heckscher, 40 N.J. Eq. 612; Commonwealth TitleInsurance and Trust Co. v. New Jersey Lime Co., 86 N.J. Eq. 450.
Before the borough reduced its claim against Brown to judgment, intervening assignments and judgment levies had been made as hereinafter set forth. In this situation, does the statute relating to municipalities, R.S. 2:27-255, entitle the borough at this time to a position of preference over Mr. Brown's other creditors? The statute is as follows:
"Whenever any judgment shall be or shall have been recovered in any court of competent jurisdiction in this state, against any municipality by any person who is or shall have been, at the time of the recovery of such judgment, indebted to such municipality for taxes, assessments, water rates, or other indebtedness of a public nature, or who shall become so indebted before the satisfaction of such judgment, it shall be lawful for such municipality to settle and extinguish such judgment, and any execution issued thereon, by offsetting and crediting the amount thereof upon and against any overdue taxes, assessments, water rates, or other indebtedness of a public nature due from such judgment creditor."
The borough did not, in fact, before it obtained judgment against Mr. Brown, attempt to set-off against the judgment which Mr. Brown had obtained, its claim against Mr. Brown as surety; and I am satisfied that the borough had no such *Page 203 
right and does not now have such right. Not only is this so because of the rights of the other creditors that have intervened, but also because the borough's claim does not come within the purview of the statute relating to "overdue taxes, assessments, water rates, or other indebtedness of a public nature." The expression "or other indebtedness of a public nature" must be read, in consonance with the maxim of ejusdemgeneris, as though it were stated "or other like indebtedness of a public nature." Syms v. West Hoboken, 90 N.J. Law 130.
Liability as surety on an indemnity bond is not like — has not the same nature — as taxes, assessments, and water rates. Suretyship is a matter of contract; taxes and assessments are not.
The respective positions of the other claimants are as follows:
Edward D. Johnson obtained a judgment against Brown on June 22d 1936, for $1,051 damages and $10 costs, and on July 10th, 1936, made a levy on rights and credits due Brown from the borough of Pine Hill. At that time, Brown's claim against the borough was unliquidated; in the suit which Brown later instituted against the borough (resulting in a judgment for $2,500 and costs) the recovery was based on a claim of quantummeruit. My opinion is that Mr. Johnson's levy was not effective, and that he acquired no priority.
The next judgment against Brown, in point of time, was obtained by the complainant herein on July 11th, 1936, on bond and warrant, for $1,050 debt and $10 costs; she made no levy at law, but it is urged in her behalf that the filing of the present bill of complaint is tantamount to a levy, and that there inured to her all the advantages that a valid levy can afford. This argument appears to be sustained by authority in this state, and the date of filing the bill and issuing sub. ad resp. will determine the complainant's position of priority. See Taylor v.Taylor, 59 N.J. Eq. 86.
The judgment of defendant Braddock for $325.85 damages and $20.77 costs, was obtained on November 12th, 1936; on March 9th, 1937 (six days after the verdict was rendered in Brown v.Borough of Pine Hill, and three days before the judgment was entered of record) a levy under the Braddock *Page 204 
judgment was made on the amount due Brown from the borough. It is objected that the levy was not efficacious because Mr. Brown's claim against the borough was still unliquidated after verdict, and so remained until the judgment was actually entered of record. My opinion is that the verdict rendered the Brown claim liquidated as effectually as the subsequent entry of the judgment based thereon. Concededly the verdict had not the full force of a judgment for all purposes; an execution before the entry of judgment will not issue; nor can an appeal be taken; but in so far as concerns the removal of a suitor's claim from the status of an unliquidated claim, the verdict is as effective as the judgment record. The Braddock judgment and levy therefore place it first in order of priority.
On March 4th, 1937, the day after Mr. Brown's verdict was rendered, and eight days before the entry of judgment, he made an assignment of $750 of his "judgment" to defendant Laura Mansfield who was Mr. Brown's creditor for that amount. The assignment was not recorded, nor was notice thereof brought to the knowledge of the other creditors of the assignor; the assignment was made for a pre-existing debt, and appears to have been given merely as additional security for that debt, inasmuch as the assignee obliged the assignor to make payments on account of the debt after the date of the assignment. A consideration of these circumstances leads me to deny any position of priority to the Mansfield claim.
The next two assignments were made on March 12th, 1937, and both were duly recorded on March 16th, 1937 — one to Barney B. Brown, Esq., for $800; the other to the Courier Company for $168.67, the latter assignment being, by its terms, subsequent to the former. No objection is found to these two assignments, and they will follow the Braddock claim.
The assignment of judgment to the extent of $800 made by defendant T. Phillips Brown to George W. Rexon on March 12th, 1937, was not recorded until December 15th of that year: moreover the assignment itself specifically states that it was given for a pre-existing debt "as collateral security for (but not in payment or satisfaction of) the said indebtedness." *Page 205 
Mr. Rexon therefore fails to qualify as a bona fide purchaser for value; and his claim, like that of Laura Mansfield, supra, is denied a position of priority. Tate v. Security Trust Co.,63 N.J. Eq. 559; Sipley v. Wass, 49 N.J. Eq. 463; George F.Perry Sons, Inc., v. Mand, 110 N.J. Eq. 111.
Complainant's bill was filed herein on April 2d 1937; sub. adresp. was issued on April 10th, 1937. Accordingly the complainant is entitled to be placed fourth in the order of priority.
The decree will therefore provide that the receiver pay claims in the following order: first, the Braddock judgment: second, the Barney B. Brown assignment; third, the Courier Company assignment; fourth, complainant's judgment. As this will probably exhaust the fund, after the receiver's fees and the costs of the suit are paid, there is no need for further determination. *Page 206