The bill of complaint in the above matter was filed in the month of June, 1940. It sought to enforce a constructive trust on real estate purchased in the name of the defendant *Page 194 
River Edge Estates, Inc., with funds of the complainant Jamaica Concrete Corporation. At the time the bill was filed a lispendens was also filed in the office of the clerk of Bergen County, where the property involved is located, giving notice of the pendency of the suit and the object thereof.
In the course of the suit, an order dated June 17th, 1940, was entered, which among other things, recites that the defendant offered to pay into court the sum of $12,500 and that "the security given by the defendant by the payment into court of the moneys aforesaid was sufficient security to pay such sum of money as may, by the final determination of the cause, be ascertained to be chargeable upon the affected real estate," and directing that the realty be discharged from the claim of the complainant.
On February 11th, 1941, the suit being at issue, a hearing was held by this court. Subsequently, on or about March 20th, 1941, Arthur G. Vescelius, the present petitioner, and William N. Gurtman, his attorney, were appointed co-receivers for the defendant herein, the River Edge Estates, Inc., by Vice-Chancellor Lewis.
On March 31st, 1941, this court decided the issue raised between the complainants and the defendants and filed its opinion in which it found in favor of the complainant Jamaica Concrete Corporation. (Masholie v. River Edge Estates, Inc., 129 N.J. Eq. 228; 19 Atl. Rep. 2d 27.) Notice to settle the decree was served upon the said Arthur G. Vescelius and William N. Gurtman. They, as receivers aforesaid, on the 3d day of April, 1941, petitioned to intervene in this cause claiming that the rights of the creditors of the River Edge Estates, Inc., in the fund on deposit with the clerk of this court, had not been adjudicated, and that such claims were superior or equal to the rights of the complainant. The petition of the receivers was denied on May 6th, 1941. In denying the application, the court, among other things, said:
"Argument was had on the petition. I feel that the application to intervene should be denied. The above entitled matter, in which the petitioners seek to intervene, was fully heard, and the rights of all the parties to the suit were determined and expressed in an opinion duly filed with the clerk *Page 195 
of this court on March 31st, 1941. The said defendant corporation was represented by able counsel at the hearing; and its interests were then considered and safeguarded. I can see no purpose in granting the prayer of the petition which, in effect, would amount to a rehearing. There is no fact stated in the petition upon which favorable consideration of it can be predicated. It is bare of any substantial or forceful reason why the application should be allowed."
No appeal was taken from that determination; nor did the receivers aforesaid seek to intervene for the purpose of taking an appeal therefrom.
An involuntary petition in bankruptcy was filed against the River Edge Estates, Inc., in the United States District Court for the District of New Jersey, on April 25th, 1941, and the matter was referred to John Grimshaw, referee in bankruptcy, who, by order dated April 30th, 1941, appointed the Chancery receivers, Arthur G. Vescelius and William N. Gurtman, aforesaid, as receivers in bankruptcy.
On May 8th, 1941, a decree was entered adjudging the said deposit with the clerk to be the property of the complainant, Jamaica Concrete Corporation. No appeal was taken from this decree by Vescelius and Gurtman as Chancery receivers for the defendant River Edge Estates, Inc., nor as bankruptcy receivers, nor by Vescelius who was named trustee in bankruptcy; nor did Vescelius or Gurtman in any capacity, make application to intervene in the cause for the purpose of taking an appeal from the decree.
On December 20th, 1941, on application of Vescelius, an order was entered in the bankruptcy court restraining the complainant herein from enforcing the May 8th, 1941, decree of this court. The substituted complainant herein. Abraham A. Wedeen, is an assignee for the benefit of creditors of Jamaica Concrete Corporation. He, on December 29th, 1941, filed a petition to review the bankruptcy court order of December 20th, 1941.
Vescelius, as trustee in bankruptcy of the River Edge Estates, Inc., had instituted proceedings in the United States District Court for the District of New Jersey, to obtain possession of the said fund of $12,500 from the clerk of this *Page 196 
court upon the assumption that the jurisdiction of this court was superseded by that of the bankruptcy court, and that the decree of this court was invalid and of no effect. The referee in bankruptcy decided in his favor, and directed Vescelius to intervene in the Chancery proceedings for the purpose of "saving time and expense." The referee's memorandum, among other things, said:
"But, while I am of the opinion that the bankruptcy court has jurisdiction of the controversy and could in its discretion proceed to a re-examination of the entire issue, it does not appear to be either wise or practical for the bankruptcy court to take this course. The litigation in the Court of Chancery has been in progress since last June. Considerable testimony was taken and a conclusion based upon that testimony was reached by the Vice-Chancellor who heard the matter. I have also been informed that an appeal from the Vice-Chancellor's decision is pending.
"I cannot see how any good can be accomplished by a repetition in this court of the testimony already taken. The interests of all parties would be better served by a continuation of the litigation in the Court of Chancery with the resultant saving of time and expense.
"The trustee should, therefore, apply to the Vice-Chancellor for leave to present such evidence as he may deem material and, further, to discuss the changes in the legal situation resulting from the filing of the petition in bankruptcy and the proceedings here."
Consequently, on April 1st, 1942, Vescelius, as bankruptcy trustee, applied for and procured, ex parte, an order from this court permitting him to intervene herein. Later, on April 10th, 1942, he also, ex parte, applied for and procured an order vacating that order of April 1st, 1942, granting him leave to intervene.
The proceedings were then prosecuted in the United States District Court, and the orders made by the referee in bankruptcy were reversed by the Hon. William F. Smith, United States District Court Judge, who held that the Court of Chancery was not divested of its authority to adjudicate the controversy pending herein by the bankruptcy of the defendant; *Page 197 
that its jurisdiction was neither impaired nor destroyed by the initiation of the bankruptcy proceedings; and that the bankruptcy court was without authority to prohibit the enforcement of the decree made by the Chancery Court. Vescelius, as trustee, then appealed from the order entered by Judge Smith, to the Circuit Court of Appeals for the Third Circuit. That court, per curiam, on the opinion below, affirmed the orders made by the United States District Court. Vescelius, as trustee, then applied for a writ of certiorari in the Supreme Court of the United States. That court denied his application.
The trustee now presents to this court a petition which appears to be in the nature of an application for a rehearing. It seeks a reopening of the decree of May 8th, 1941, made over three years ago. It discloses no basis whatever for such relief.
The law is well settled that an intervening party takes the place of the person whose interest he acquired and that he is bound by all the anterior proceedings to the same extent as the original party was bound. See Guest v. Hewitt, 27 N.J. Eq. 479.
 In Downs v. Jersey Central Power, c., Co., 115 N.J. Eq. 448; 171 Atl. Rep. 306, the court, among other things, said:
"The application is made under paragraph 3 of Chancery rule 13, the petitioner claiming to have `an interest or title which the decree will affect;' and it is contended in support of the petition, that upon a prima facie showing of an interest which will be affected by the decree, the petitioner's right to intervene is absolute and the court has no discretion in the matter, citing Boehm v. Rieder, 96 N.J. Eq. 167, andFisovitz v. Cordosco Construction Co., 102 N.J. Eq. 354. I cannot agree with this contention. The Chancery rules are intended to facilitate litigation in the Court of Chancery and are for the guidance of litigants and officers of the court, but they are not inflexible. They are the Chancellor's rules and it cannot be said that by their promulgation he deprived himself of all discretion in matters to which they apply. It has been repeatedly held that their operation may be suspended by the Chancellor at will. Such, indeed, is the statutory *Page 198 
provision. P.L. 1915 ch. 116 p. 186 § 11; 1 Cum. Supp. Comp.Stat. p. 272. In Boehm v. Rieder, supra, Vice-Chancellor Buchanan said: `The rule does contemplate, however, that not every one shall be admitted as a party simply because he makes application. It contemplated that no such permission shall be given where the appellant's claims are clearly groundless; he must make a reasonable prima facie showing of a claim that he ought equitably to be permitted to have tried out.' See, also,Weinberger v. Goldstein, 99 N.J. Eq. 1 (at p. 8). And inFisovitz v. Cordosco Construction Co., supra, it was held by Vice-Chancellor Backes that one seeking to intervene as a party defendant `must show a meritorious defense to induce the court to act.' Clearly the admission of a party is still largely a matter of discretion to be exercised with due regard to the rights of all, and it must be a very meritorious defense which will move the court to permit intervention by one in petitioner's position after final decree (Guest v. Hewitt, 27 N.J. Eq. 479) or after decision on the merits where nothing remains to be done except to enter the formal decree."
The present application to intervene was made long after the time for appealing from the decree or order had expired. Under the circumstances, it is encumbent upon the petitioner not only to show "a very meritorious defense," but he must also comply with all the requirements of an application for leave to file a bill of review or a petition for rehearing. The trustee's petition falls far short of such compliance. See Davis v.Sullivan, 33 N.J. Eq. 569; Watkinson v. Watkinson, 68 N.J. Eq. 632; 60 Atl. Rep. 931; Kelsey v. Dilks, 72 N.J. Eq. 834;66 Atl. Rep. 1086; Sparks v. Fortescue, 75 N.J. Eq. 586;73 Atl. Rep. 595; Boyer v. Boyer, 77 N.J. Eq. 144; 76 Atl. Rep. 309;Mitchell v. Mitchell, 97 N.J. Eq. 298; 127 Atl. Rep. 185;McKenzie v. Standard Bleachery Co., 109 N.J. Eq. 429;157 Atl. Rep. 845; Miller v. McCutcheon, 117 N.J. Eq. 123; FidelityUnion Trust Co. v. North Jersey Poultry Co., 123 N.J. Eq. 259;197 Atl. Rep. 65; Fidelity Union Trust Co. v. Petchensky,119 N.J. Eq. 514; 183 Atl. Rep. 472; Wootton v. Pollock, 124 N.J. Eq. 167; 200 Atl. Rep. 748. *Page 199 
It is to be observed that while the trustee's petition does not disclose the nature of the evidence upon which he relies, nevertheless, the issues which had been raised by him already have been considered and determined by this court. This conclusion is supported by the findings reached in the intervention proceedings under the petition filed by the trustee and his counsel in their capacity as Chancery receivers for the defendant River Edge Estates, Inc., which petition was denied by this court on May 6th, 1941. No appeal was taken from that determination, and consequently, in my opinion, the determination is res adjudicata. It appears to me that the present petitioner and his counsel occupy the same status as, and stand in the shoes of, the Chancery receivers of the defendant River Edge Estates, Inc. (who are the trustee Vescelius and his present counsel Gurtman). Guest v. Hewitt, supra.
It should be made clear that issues cannot be tried de novo
each time the interest of a party is acquired by a successor.Taylor v. Taylor, 59 N.J. Eq. 86; 45 Atl. Rep. 440.
The fund which was on deposit with the clerk of this court was on March 31st, 1941, decreed by this court to be the property of the Jamaica Concrete Corporation. The petitioner, it seems, preferred to litigate his claim in the federal courts. He chose that forum and his efforts there failed of success. Now, after three years he makes a return visit to this court and belatedly applies for further consideration. To grant his request would, in effect, be inequitable and impose a hardship upon the complainants who were forced to answer him in every federal court.
A court has inherent power to protect itself and litigants against harassing and vexatious litigation and an abuse of process of the court. Patterson v. Northern Trust Co.,286 Ill. 364; 122 N.E. Rep. 55.
The petitioner is clearly guilty of laches. Perkins v.Partridge, 30 N.J. Eq. 559; affirmed, 32 N.J. Eq. 399; Putnam
v. Clark, 36 N.J. Eq. 33; affirmed, 36 N.J. Eq. 647; Englehard
v. Schroeder, 94 N.J. Eq. 778; 120 Atl. Rep. 737.
The application under consideration will be denied. *Page 200