WASHINGTON L. TYSON et ux., appellants,

*v.*

JOHN S. APPLEGATE, receiver, respondent.

1. A receiver filed a bill in his own name to foreclose a mortgage made to A in trust for B. To establish his right to foreclose, the bill relied on a decree of the court of chancery appointing him receiver. It not appearing by the recitals of the bill that the decree transferred to the receiver the legal title which A, as trustee, had in the mortgage—*Held*, that A was a necessary party to the bill.

2. Further recitals in the bill justified the conclusion that the decree divested B of her interest in the mortgage, and vested that interest in three persons named in the bill.—*Held*, that B was not a necessary party, but that the three persons in whom her interest was vested were necessary parties to the bill.

3. The rule that to a bill to foreclose a mortgage made to a trustee in trust, the *cestui que trust*, as well as the trustee, should be made a party, is to be observed when the *cestuis que trustent* are known, and are not so numerous as to make it impossible or highly inconvenient to include them as parties.

On appeal from decree of the chancellor overruling a demurrer to a bill of complaint for want of parties. The chancellor's opinion is reported in *Applegate* v. *Tyson, 12 Stew. Eq. 365.*

*Mr. R. Wayne Parker,* for appellants.

According to the statement of the bill, the complainant is not a receiver generally for the benefit of creditors, stockholders, or bondholders, or any other class too numerous or too much unknown to be made parties to the suit. Although called receiver, he is in reality trustee for distinct persons in a suit wherein five persons appear to claim an interest in this bond and mortgage. It is averred directly in the bill that three of these parties are entitled to the mortgage, and the moneys due thereon, and the receiver is, in effect, a trustee appointed by the court, but still a naked trustee for the benefit of these three persons.

It is the general rule that *cestuis que trustent* shall be made parties. There is no exception to this rule except for cause, as that

the persons are too numerous to be made parties, or are known (as in the case of creditors), or in statutory receivership for insolvent corporations, wherein the receiver takes the place of the corporation, and succeeds to all its rights.  But in such case as this, where the so-called receiver is a naked trustee for the benefit of known parties (and all the persons above named who claim an interest in the matter are known), there is no reason whatever why the safe and ordinary rules should not be followed.

There is much reason why they should be made parties.  The reason of the rule is that their rights should be determined. There may be (except that we are upon demurrer, I would say that there will be) a decision to be made in this case : first, as to the amount due on the mortgage; second, as to the amount of land subject to it; third, as to the duty of these beneficiaries to release certain claims which they have made against the premises outside of the mortgages, and contrary to the court's decree limiting their rights to the mortgage.  But whatever be the questions or decree on this mortgage, it is essential for their protection, and for the protection of the demurrants, that the persons really interested in the mortgage should be before this court on the decree in this case, and there is no reason, either from the number of the persons interested or otherwise, why their presence should not be had in this case.

The reason of the rule as to parties is that there may be an end to the litigation.  This is why I insist that they should be parties in this case. The solicitor of the receiver is their solicitor also.  He can secure their appearance without delay if he would. *Large* v. *Van Doren,* 1 McCart. *208; Cove* v. *Higgins,* 10 C. E. Gr. *121; Elmer* v. *Loper,* 10· C. E. Gr. *475; McIntire* v. *E. & A. R. R. Co.,* 11 C. E. Gr. *425; Willink* v. *Morris Canal,* 3 Gr. Ch. *397; Jewell* v. *West Orange,* 9 Stew. Eq. *403; Chester* v. *Halliard,* 7 Stew. Eq. *341; Story's Eq. Pl. 207; Stillwell* v. *McNeely,* 1 Gr. Ch. *305; Van Vechten* v. *Terry,* 2 Johns. Ch. *197; Malin* v. *Malin,* 2 Johns. Ch. *238.*

*Mr. Robert Allen, Jr.,* for respondents.

On June 28th, 1884, there was a final decree, admitting accounts and rights of parties, and that the bond and mortgage in

the custody of the court, representing a portion of the moneys due the complainants, be taken possession of by John S. Applegate, the receiver appointed by the court by that order; that the complainants, Maria Louisa Parker, Elizabeth B. Parker and Samuel Parker, are entitled to that bond and mortgage, and that the receiver take such measures as may be necessary to realize the money due thereon.

None of the parties have appealed from that final decree.

The order appointing the receiver and the final decree above referred to is, *per se*, a sequestration, and gives the complainants and the receiver all necessary means of enforcing the foreclosure of the mortgage in question, and divested Winchester and all other parties, except the said Elizabeth B. Parker, Samuel Parker and Maria Louisa Parker, of all property and right in the said mortgage, and cuts off and estops Tyson and wife of all defence to said mortgage and bond in a court of equity. *2 Sandf. Ch. 257; 5 Sandf. 610, 653; 6 Barb. 542.*

A defendant can demur for want of proper parties only in those cases where it is apparent on the face of the bill itself that there are other persons who ought to have been made parties. It does not so appear on the face of complainant's bill. *Robinson v. Smith, 4 Paige 223.*

This is not a suit for an account. This is not a suit by a residuary legatee. *Cockburn's Case, 16 Ves. 326, 327, 328; Delabere v. Norwood, Lord Colchester, MS.*

On bill for foreclosure of mortgage, two of the defendants had annuities charged on estate prior to mortgage.

Court decreed that, notwithstanding they appeared and consented to the sale, the bill be dismissed as to them, with costs; that those two were unnecessary parties. *3 Swanst. 144.*

Lord Eldon says, in *9 Ves. 268, 269,* that the assignee, and not the assignor, is the only sufficient party.

In *Williams v. Sorrell, 4 Ves. 389,* Sorrell made mortgage to Clifton; Clifton assigned to Williams, subject to redemption by Clifton. Clifton was not made a party.

In *Hill v. Adams, 2 Atk. 39,* the heir of mortgagor need not bring the original mortgagee before the court, where he assigned

without mortgagor's joining.   See *Matthews* v. *Walling, 4 Ves.* *118.*

When mortgage is assigned, the assignee and mortgagor only are necessary parties; not necessary to make the mortgagee a party.   *Whiting* v. *McKinney, 7 Johns. Ch. 144.*

Distinction : Where a mortgagee assigned to secure a loan made to the mortgagee (assignor), the assignor is also a necessary party.   *1 Sandf. 76.*

In *Hobart* v. *Abbott, 2 P. Wms. 642*, the assignor was to redeem on the payment, by the assignor, of £300 to C.   The assignor died.   C brought foreclosure on his under-mortgage. B had a right to redeem C and to prevent another account. B, or the representative of B, should, in that case, have been made a party.

Where there has been an assignment without the previous authority of the mortgagor, or his declaration that so much is due, it is enough to make that man a party who has contracted to stand in the place of the original mortgagee and all assignees. until the title was got in himself.   *Chambers* v. *Goldwin, 9 Ves. 269.*

The rule is that a person who has no interest in a cause, and against whom there can be no relief, is not to be a party.   *Fenton* v. *Hughes, 7 Ves. 289 ; Bishop of Winchester* v. *Beaver, 3 Ves. 317 ; Bishop of Winchester* v. *Paine, 11 Ves. 200, 201.*

The interest which compels the rule for a person to be a party must be such a right in the subject-matter of the suit which may be affected by decree, and not mere desires in relation to the subject.   *Crocker* v. *Higgins, 7 Conn. 342 ; Franco* v. *Franco, 3 Ves. 75 ; Bailey* v. *Snyder, 2 Paige 378.*

An action was brought in the name of the trustee against a party for an injury to the reversion.   The court held, on demurrer, that the trustee having the legal estate, the action was properly brought in his name, although the *cestui que trust* appeared to have demised and received the rent.   *Wallace* v. *Savage, 7 Bing. 595.*

In *Attorney Endfield* v. *Wyburgh, 1 P. Wms. 599*, A charged all his land in C in Essex and Endfield, in Middlesex, with £20

a year to the poor of Endfield.  In a suit in behalf of his charity for the arrears of this rent charge, it is not necessary to make all the tenants of the lands out of which the rents issued, parties. *Clifton* v. *Haig, 4 Desauss. 331.*

The court is not bound to call in a party having merely a possible interest.  *Townsend* v. *Allgor, 3 Comst. 354.*

Proper parties are not always necessary parties.  *6 C. E. Gr. 378.*

No person is a necessary party against whom the complainant is entitled to no relief.  *6 C. E. Gr. 163.*

A bill is not demurrable for want of proper parties when all whose rights are to be affected by the decree are joined.  *1 C. E. Gr. 256, 453.*

The opinion of the court was delivered by

MAGIE, J.

The claim of the appellants, who were the demurrants below, is that it appears on the face of the bill that there are other persons who ought to have been, but were not, made parties thereto.

The demurrer first alleges that Frank S. Winchester should have been made a party.

The bill was filed by respondent as receiver.  Its object is stated to be to foreclose a mortgage given by Tyson to Frank S. Winchester, trustee of Maria L. Parker, to secure Tyson's bond to Winchester as such trustee.  Upon this statement it is obvious that it became incumbent on the receiver to show, by apt allegations in his bill, his right to foreclose this mortgage.  He attempted to do this by reciting a decree of the court of chancery made in a cause in which Tyson and Winchester (with others) were parties, and by which he was appointed receiver.  What was adjudicated by the decree must be ascertained from the recitals of this bill.  From those recitals it appears that Applegate was appointed receiver to take possession of the bond and mortgage in question, and " to take such measures and steps as may be necessary to recover the sums due thereon."  When recovered, the receiver was to distribute them among three persons in speci-

fied but unequal proportions.    It further appears that those persons were declared to be entitled to the bond and mortgage or to the moneys due thereon.    But it nowhere appears that the decree directed the transfer of the bond and mortgage either to the receiver or to the persons declared to be entitled to them or the moneys due thereon.    Nor is there anything in the decree as recited which, in my judgment, divests Winchester of his legal title to the bond and mortgage as trustee.

Looking at the decree as the bill states it, the legal title of Winchester as a naked trustee remains, and no question can be made but that a trustee holding the legal title to a mortgage is, in general, a necessary party to a bill to foreclose.  *Story's Eq. Pl.* § *201.*    The demurrer to the bill on this ground was well taken, and should not have been overruled.

The demurrer also alleged that Maria L. Parker should have been made a party to the bill.

Winchester held the bond and mortgage in trust for her. She is shown to have been a party to the cause in which the recited decree was made.    While the recitals of the decree respecting her interest in the bond and mortgage are by no means clear, I think enough appears to justify the conclusion that it was adjudged that her interest was divested from her, and vested in the three persons hereinafter named.    For that reason it was correctly held that she was not a necessary party to the bill.

It is urged that a successful appeal by her from the decree which has thus affected her interest, might greatly embarrass the parties to this foreclosure, or the purchaser under these proceedings.    But I do not think that question is to be considered. The bill must be viewed in the light of the adjudged rights of the parties at the time it was exhibited.

The demurrer further claimed that James Eugene Parker should have been made a party to the bill, but nothing whatever appears to justify this claim.

The demurrer, lastly, claimed that Maria Louisa Parker, Samuel Parker and Elizabeth B. Parker should have been made parties to the bill.

The bill shows that they were the complainants in the cause

in which the recited decree was made, and that it was adjudged by the decree that they were entitled to the mortgage or to the moneys due thereon, in proportion to certain specified but unequal sums declared to be due to each of them from Maria L. Parker. From this it is clear that the whole beneficial interest in the bond and mortgage became vested in them, and they stand in the position of *cestuis que trustent* in relation thereto.

In contests respecting property held in trust, the general rule is that a *cestui que trust* is a necessary party. *Stillwell* v. *McNeely, 1 Gr. Ch. 305; Van Doren* v. *Robinson, 1 C. E. Gr. 256; Cool* v. *Higgins, 10 C. E. Gr. 117; Elmer* v. *Loper, 10 C. E. Gr. 475; McIntyre* v. *E. & A. R. R., 11 C. E. Gr. 425.*

In proceedings upon mortgage, the general rule is that there can be no redemption or foreclosure of a mortgage unless all the persons entitled to the whole mortgage-money are before the court. So, if a mortgage has been made to a trustee in trust, all the *cestuis que trustent* should be made parties, as well as the trustee, to a bill to foreclose. *Story's Eq. Pl. § 201; 1 Dan. Ch. Pr. 213, 253.* This rule has been constantly applied in our court of chancery. *Chapman* v. *Hunt, 1 McCart. 149; Large* v. *Van Doren, 1 McCart. 208; Jewell* v. *West Orange, 9 Stew. Eq. 403.*

These general rules admit of exceptions arising out of the circumstances of particular cases. *Story's Eq. Pl. § 207 et seq.* Thus—to select the exception applicable to such cases as that now before us—when a mortgage is made to trustees, in trust for numerous and unknown persons, such as holders of bonds issued by railroads &c., whose names and consent it would be inconvenient or practically impossible to obtain, the trustees may maintain a bill without making the *cestuis que trustent* parties. In *Willink* v. *Morris C. & B. Co., 3 Gr. Ch. 377,* the force of the general rule was admitted, but such an exception was allowed, because, unless allowed, there would have been a practical denial of the relief to which the parties were entitled. A similar view was taken by Chancellor Kent, in *Van Vechten* v. *Terry, 2 Johns. Ch. 197.* And the course of litigation upon railroad mortgages has called for frequent application of this

exception.    The language used by Chief-Justice Green, in deliv-
ering the opinion of this court in *N. J. Franklinite Co.* v. *Ames,*
*1 Beas. 507,* must be read in the light of the facts of that case,
which bring it within this exception to the general rule.

In *Sweet* v. *Parker, 7 C. E. Gr. 453,* it was held that the gen-
eral rule requiring the presence of a *cestui que trust,* in a contest
respecting the trust property, would be satisfied if any party was
present in the suit, who, with reference to that interest, would
be certain to bring forward the entire merits of the controversy.
It is unnecessary to determine the propriety of that view, for in
the case in hand there is no person to represent the interest of
these beneficiaries in this contest, which may, at least, involve
the extent of the lien securing their interest.    The receiver, so
far as the bill shows, is a mere collector, and Winchester is only
a nominal trustee.

The question presented in this case was not discussed in *Mil-
ler, Receiver,* v. *Mackenzie, 2 Stew. Eq. 291.*    It was not, in my
judgment, involved in that case.  The receiver there was appointed
under the statute providing for supplemental proceedings in aid of
executions at law.  His authority was derived from the statute, and
by its terms he was vested with title to such property of the
judgment debtor as came within its provisions.    It was there-
fore held that he was  entitled to file a bill in his own name to
remove fraudulent encumbrances, which stood in the way of the
enforcement of the judgment, upon such property.

I have not been able to find that the general rule, requiring
the presence of both trustee and *cestuis que trustent* in proceedings
for the foreclosure of a mortgage made in trust, is subject to any
other exception than that applied in *Willink* v. *Morris C. & B.
Co., supra,* and similar cases.    That exception is not applicable
here.    The *cestuis que trustent* who are beneficially interested in
this mortgage, are only three persons, who are known and named
in the bill.    Appellants were entitled to have them made parties
to the proceeding, which is to enforce the lien of the mortgage on
their property.

For these reasons the demurrer for the want of Frank S. Win-
chester, Maria Louisa Parker, Samuel Parker and Elizabeth B.

Parker, as parties to the bill, was well taken, and should not have been overruled. The order appealed from must therefore be reversed in these respects, and the demurrer allowed so far as relates to the persons above named. Appellants are entitled to costs.

*Order unanimously reversed.*