THE PENNSYLVANIA RAILROAD COMPANY, appellant,

*v.*

THE NATIONAL DOCKS AND NEW JERSEY JUNCTION CON-
NECTING RAILWAY COMPANY, respondent.

1. The dismissal of an original bill does not involve the dismissal of the cross-bill, so far as the latter seeks relief beyond what is necessary to maintain a defence against the complainant's claim.

2. A preliminary injunction is properly refused when there exists no reasonable ground for apprehending that the injury, against which the injunction is sought, will be attempted.

On appeal from a decree denying an injunction advised by Vice-Chancellor Van Fleet, whose opinion is reported in *National Docks Railway Co.* v. *United New Jersey Railroad Co.,. 7 Dick. Ch. Rep. 366.*

*Mr. Charles L. Corbin* and *Mr. John R. Emery,* for the appellant.

*Mr. James B. Vredenburgh and Mr. Joseph D. Bedle,* for the respondent.

The opinion of the court was delivered by

'DIXON, J.

The complainant, The National Docks &c. Railway Company, filed a bill to restrain the defendants from interfering with the construction of its railroad through the yard of the defendants in Jersey City. One of the defendants, the Pennsylvania Railroad Company, annexed to its answer a cross-bill, alleging that the complainant had acquired no right to construct a railroad through the yard, and praying that the complainant might be enjoined from interfering with the yard, as well as with other property of the defendants. The complainant.

having replied, the matters came to a hearing before the vice-chancellor on orders to show cause why the injunctions desired should not be granted, and then, the vice-chancellor being of opinion that the complainant had shown no right to construct its railroad through any property of the defendants, a decree was entered dismissing the original bill and granting the defendants the injunction requested, except as to the yard.

From this decree the Pennsylvania company appeals, on the ground that the retention of the original bill is necessary to enable it to secure the relief to which it is entitled on the cross-bill, and on the further ground that an injunction against interference with the yard should have been ordered.

We are of opinion that the dismissal of the original bill, especially as the order dismissing it indicates a purpose to retain the cross-bill, does not involve the dismissal of the cross-bill, so far as that seeks affirmative relief beyond what was requisite to maintain the defence. *Dawson* v. *Amey, 13 Stew. Eq. 494; Beach Mod. Eq. Prac.* § *447* and cases cited.

With respect to the denial of injunction : While the case made it plain that the complainant had acquired no right to interfere with the defendant's yard, we find nothing in it to indicate that any interference was likely to be attempted after its wrongfulness was judicially declared. By appealing to a court of equity for aid in the enforcement of its claim, the complainant had shown its good faith, and that afforded the vice-chancellor reasonable ground for believing that when the claim was adjudged invalid no unlawful effort to enforce it need be apprehended. For this reason we cannot say that the injunction was improperly refused. *Society* v. *Morris Canal Co., Sax. 157; Kean* v. *Colt, 1 Halst. Ch. 365.*

The decree should be affirmed.

*For affirmance* — THE CHIEF-JUSTICE, ABBETT, DEPUE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, SIMS, SMITH—12.

*For reversal*—None.