The bill of complaint was filed February 16th, 1928. It is one to foreclose a mortgage. The defendants are the mortgagors, Joseph H. McGuinness and wife, and Frank McGuinness, a judgment creditor. They were brought in by subpoena and defaulted in pleading. On May 27th, 1928, the judgment creditor, Frank McGuinness, in lieu of answer, filed a notice under rule 186 that he desired to have his judgment, subsequent to the encumbrance of the complainant, reported upon. Service of the notice was acknowledged by the solicitor of the complainant. The rule (186) provides, among other things: "In any suit for the foreclosure and satisfaction of a mortgage in which there are no infant defendants, any party who has been made a defendant as a subsequent encumbrancer and does not dispute the priority of the subsequent encumbrances as stated in the bill, may, in lieu of an answer setting up his encumbrance, give notice to the complainant that he desires to have it reported upon." There is no dispute as to the priority of the complainant's mortgage lien or of the judgment, or the amount of them. The facts are stated in the bill. On April 10th, 1928, the complainant entered an order of reference herein. It took the bill as confessed against the defendants Joseph H. McGuinness and Mary A., his wife, mortgagors, made reference to a master to ascertain and report the amount due to the complainant upon its mortgage, and also the amount due, if anything, to the defendant Frank McGuinness upon his judgment, and to ascertain and report their order of priority. The report was filed June 9th, 1928. The master found that the mortgage was the first lien, stating its amount, $7,354.89, and that the judgment was subsequent, stating its amount, $10,340.34.
There was no exception filed to the report, and four days after it was filed, namely, on and after June 14th, 1928, the complainant became entitled to enter a final decree (rule *Page 3 
185). The rule says, "the complainant shall * * * be entitled to a final decree." It has not been entered.
On December 4th, 1928, the judgment creditor, Frank McGuinness, filed a petition alleging that the mortgage had been assigned by the complainant to Susan McDonough. Of course the assignment was taken subject to the rights and equities of the petitioner. An assignee of a mortgage takes it subject to existing equities between the parties. Walz v. Oser, 93 N.J. Eq. 280, 284. And an assignee of a mortgage cannot be dislodged from the position he apparently holds according to the record. Davis v.Cressman, 57 N.J. Eq. 619, 621. And solicitors of the complainant have consented to the substitution of a solicitor for Susan McDonough. The petition prayed that an order be made requiring the Trust Company of New Jersey and Susan McDonough, assignee, to show cause why the latter should not be substituted as complainant herein, and why a final decree should not thereupon be entered directing sale of the lands and premises described in the bill for the satisfaction both of the mortgage and petitioner's judgment, or at least the satisfaction of petitioner's judgment alone. On this an order was made on the complainant and Mrs. McDonough to show cause on December 11th, 1928, why an order should not be made dismissing the Trust Company of New Jersey as complainant and substituting Susan McDonough, and why a final decree for sale of the premises and satisfaction of the mortgage and judgment should not be entered and execution issued thereon.
Mrs. McDonough, as assignee of the complainant's mortgage, is subrogated to all its rights with reference thereto, including the right to finish the uncompleted suit. 5 Pom. Eq. Jur. 5205
§ 2351.
In Elsberg v. Honeck, 76 N.J. Law 181, a suit was brought and afterwards the chose in action upon which it was founded was assigned. Thereafter the suit was continued by the assignee in the name of the assignor as plaintiff, and it was held that the statute allowing the assignee to sue in his own name did not prevent him from suing in the name of the assignor to his use. Of course an amendment could be allowed *Page 4 
substituting the assignee as complainant, but that need not be done, and the allowance of amendments is matter of discretion.Elsberg v. Honek, supra. Proceedings at law are by analogy enforced in this court, and it is useless to substitute the assignee for the complainant. Any further proceedings in this cause should be entitled as The Trust Company of New Jersey, whosues to the use of Susan McDonough, assignee, against Joseph H.McGuinness et al. But, the assignment of the mortgage, not having been proved before the master, Mrs. McDonough, assignee, if she enters a final decree, will have to prove the assignment before the court.
It was made apparent on the argument that Mrs. McDonough does not desire to enforce the mortgage at this time, but that Mr. McGuinness, the judgment creditor, desires to have sale of the mortgaged premises upon which his judgment is a lien for the satisfaction of his debt. He is entitled to that. The rights of a judgment creditor are settled by his judgment, after which he may not be obstructed in the collection of his debt by anything short of a properly meritorious defense thereto. W.D. Cashin Co. v.Alamac Hotel Co., Inc., 98 N.J. Eq. 432.
The dismissal of an original bill does not involve the dismissal of a cross-bill as far as the matter seeks relief beyond what is necessary to maintain a defense against complainant's claim. Pennsylvania Railroad Co. v. NationalDocks Railway Co., 52 N.J. Eq. 555. That, it will be observed, is where there is a contest between the complainant and defendant. Here there is no contest between the complainant and the judgment creditor. The complainant made the judgment creditor a party so that his claim could be enforced in the case, and there is no dispute as to its amount or priority. The cases cited by the judgment creditor's counsel in which dismissal will not be allowed, were those in which the defendant had rights as against the complainant in the decree or judgment to be entered. They do not apply here. The defendant, judgment creditor, has not answered or claimed any relief against the complainant and therefore the complainant is entitled to dismiss the bill under the rules. *Page 5 
A suit until a decree entered is under the control of the complainant and before answer filed he may dismiss his bill at any time without payment of costs; but after an answer has been put in the bill can only be dismissed upon notice and payment of costs. Hudson Trust Co. v. Boyd, 80 N.J. Eq. 267. This, of course, relates to an answer which is a defensive pleading and could only, if successful, result in a dismissal of the bill. It doubtless does not apply to a counter-claim which prays for affirmative relief against the complainant. After such a pleading is put in, the complainant doubtless has no right to dismiss without the consent of the counter-claiming defendant, who is entitled to have the issue tried, and, if successful, would be entitled to a decree against the complainant. This is not such case. Here the defendant, judgment creditor, simply files a notice in lieu of an answer under rule 186, desiring to have his judgment reported on, which has been done. He has no quarrel with complainant and seeks no relief of any kind against it, who, under the law, is entitled to dismiss its bill but only upon payment of costs, as defendant is considered to have answered, the notice being substituted for such a pleading.
The defendant asserts that the complainant must enter a decree and insists that the word "shall" in rule 186 is mandatory. If it is, it is immediately qualified by the rule providing that the complainant in the circumstances "shall * * * be entitled to a final decree;" so that the complainant is only "entitled" to enter it but does not have to do so. The rules are to be read inpari materia. The construction contended for by the defendant would deprive the complainant of the control of his suit. The law clearly applies, namely, that he may dismiss. He cannot, however, stand the defendant off indefinitely, but must either enter a final decree or dismiss the bill and leave the judgment creditor to pursue his remedy by issuing an execution on his judgment and collect his money in that way.
In Stevens v. The Railroads, 4 Fed. Rep. 97, it was held: The right of a plaintiff to dismiss his bill upon payment of costs, at any time before a hearing on the merits, is not an *Page 6 
absolute and unqualified right. It will not be allowed when, by so doing, the plaintiff will prejudice the defendant; but this injury must be of a character different from mere ordinary inconvenience of double litigation, and must deprive the defendant of some substantive right not available in a second suit, or that may be endangered by the dismissal, which in view of the law are compensated by costs.
Dismissal of the bill in this cause would not deprive the judgment creditor of any substantive right not available in his suit at law wherein the judgment was recovered; and in that litigation, of course, he will be entitled to proceed after the dismissal of the bill, and will have his costs not only here, but there.
The result is that the complainant must within ten days after order hereon either enter final decree in accordance with the master's report, or dismiss his bill, the same to include payment of costs to the judgment creditor-defendant, Frank McGuinness, who is entitled to enter such order.