CLARENCE E. KNAUER, trustee in bankruptcy of the estate of Edward W. Wills, bankrupt, complainant-appellant,

*v.*

WILLIAM M. CLEVENGER, defendant-respondent.

[Argued October 22d, 1934. Decided January 10th, 1935.]

*Messrs. Cole & Cole,* for the complainant-appellant.

*Messrs. Wm. M. & Thos. R. Clevenger,* for the defendant-respondent.

The opinion of the court was delivered by

BODINE, J.

Complainant appeals from a decree dismissing a bill filed to set aside a mortgage given by the bankrupt to William M. Clevenger. The action was predicated upon sections 60b and 67e of the Bankruptcy act. The court decided that the creditor did not have reasonable cause to believe that the enforcement of his mortgage would effect a preference. All the other elements necessary to set aside the mortgage, however, were found present.

A voidable preference "consists in a person (1) while insolvent and (2) within four months of bankruptcy, (3) procuring or suffering a judgment to be entered against himself or making a transfer of his property, (4) the effect of which will be to enable one creditor to obtain a greater percentage of his debt than any other creditor of the same class. Such a preference is voidable at the instance of the trustee, if (5) the person receiving it or to be benefitted thereby has (6) reasonable cause to believe that the enforcment of the judgment or transfer will result in a preference. If any of these elements is wanting, a preference cannot be set aside if otherwise valid under the state law. The burden of proving the existence of the essential elements of a transfer is upon the trustee seeking to avoid it." *2 Collier (13th ed.) 1248.*

It must be conceded that the learned vice-chancellor quite properly found all the elements justifying voidance of the mortgage in suit save the sixth. This court is loath to disturb the conclusions of a court of first impression, when the findings are supported by the evidence. We think, however, that the proofs indicate that Mr. Clevenger did have reasonable cause to believe that the enforcement of his mortgage would result in a preference. If so, there must be a reversal. Indeed he testified that he desired priority, but did not believe that the mortgagor was insolvent. The proofs indicate insolvency beyond question.

Mr. Clevenger had been counsel for the bankrupt for many years, and had, in a general way, advised him in his business dealings and was also familiar with his debts and assets and the amount and value thereof. The margin of assets over liabilities was attenuated, to say the least. In December of 1929, he made his first loan. Nearly a year later a second was necessary, and in six months a third accommodation was granted. The stocks pledged to secure these loans depreciated with great rapidity before the mortgage was given. No interest appears to have been paid. Admittedly, the defendant had no free assets and no banking facilities. The Guarantee Trust Company had brought suit against him on overdue paper. He had no equity in his residence. Mr.

Clevenger advised his client to tell the trust company that its action, if pursued, would result in his filing a voluntary petition in bankruptcy. The explanation was, of course, made that his advice was intended as a mere threat. However, bankruptcy shortly thereafter became a fact; but not until Mr. Clevenger had obtained a mortgage upon all of the bankrupt's remaining property to which any value attached. The bankrupt's wife did not join in this mortgage which the court below failed to set aside.

It seems to us that but for the mere denials of the real purpose of the transaction the record is eloquent that Mr. Clevenger intended to obtain by this mortgage an advantage over the other creditors. An attorney, who advises his client that his affairs were in such condition that bankruptcy was inevitable unless he could procure the discontinuance of a suit upon his past due obligations, can hardly be said to take a mortgage to help bolster his own overdue and under-secured loans for any other purpose than to obtain an illegal preference. Shortly after the mortgage was executed and recorded the schedules in bankruptcy were prepared and filed. The defendant not only had reasonable cause to believe that he was obtaining a preference but the proofs indicate that he intended to accomplish this very purpose.

"Reasonable cause to believe that a transfer will effect a preference does not require proof either of actual knowledge or actual belief, but only such surrounding circumstances as would lead an ordinarily prudent business man to conclude that the transfer will result in a preference." *2 Collier (13th ed.) 1299.*

Mr. Clevenger must either have known his client was insolvent and that he was obtaining a preference, or he closed his mind to the significance of all the facts upon which he advised his client that he must either obtain a stay of the suit against him or file a petition in bankruptcy. The preference cannot stand merely because the secured creditor refused to draw the reasonable inference from the facts which he well knew.

The decree will be reversed, with costs. .

*For affirmance*—VAN BUSKIRK, KAYS, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, JJ. 10.