MORTGAGE GUARANTEE COMPANY, a corporation of the State of Delaware, complainant,

*v.*

ATLANTIC CITY JEWISH COMMUNITY CENTER et al., defendants.

[Decided December 6th, 1935.]

*Messrs. Bolte & Tripician,* for the complainant.

*Mr. Morris Bloom,* for the defendants.

SOOY, V. C.

Defendants move to strike an amended bill to foreclose a mortgage.

Defendants had filed an answer and counter-claim to complainant's original bill, whereupon counsel for complainant moved to strike both pleadings. The court denied the motion

to strike, advising complainant that it might amend its complaint to include certain certificate holders as *cestuis que trustent,* either as complainants or defendants, "or so amend as to bring itself within the exceptions to the rule requiring their inclusion."

It may be well to state that complainant, in its original bill, did not set up therein that it was foreclosing for its benefit, as well as that of certificate holders but, instead of so doing, did not reveal the fact of its having sold participating certificates to the full amount of the principal of the mortgage.

Complainant amended its bill and has not made the *cestuis que trustent* parties, but has set up reasons for not so doing, which it says are sufficient to relieve it of the necessity thereof.

The amended bill discloses that the defendant originally executed and delivered the bond and mortgage in question to complainant as mortgagee and that thereafter, complainant sold participating certificates in said bond and mortgage to sixty-four investors, to the full amount of the mortgage; that such sales to the investors took place and were consummated in the city of Baltimore, in the State of Maryland, where complainant has its principal office; that the certificates so sold to the sixty-four investors provided, in part, as follows:

"The company holds and shall continue to hold said mortgage, and the other instruments and evidences of title relating thereto, for the benefit of the purchaser and any other persons interested therein, and shall as agent for the purchaser and any other persons interested therein collect the interest and principal of said mortgage when due.

"The company upon the receipt of the interest and principal of said mortgage shall distribute the same *pro rata* among the persons entitled thereto. The purchaser of this certificate to be entitled to receive of said interest on said mortgage, interest at the rate of five and one-half per cent., the balance of the mortgage interest to be retained by the company in payment of its services hereunder.

"The company shall have full power to take any action it may deem necessary to enforce the provisions of said mortgage and shall have power to release the same upon payment of the mortgage debt holding the same subject to the order of the certificate owners."

Under the certificates, the complainant guaranteed to the certificate holders the payment of principal and interest. Complainant says the authority above recited is still in effect and has not been revoked, further averring that it is by vir-

tue of that authority that complainant has instituted the foreclosure proceedings

Defendant seems to be under the impression that the affidavits filed when complainant moved to strike defendants' answer and counter-claim are still available to the defendant on this motion. Not so. Those affidavits spent their force on the prior motion and all the court has before it on the present motion is the bill of complaint and the averments therein contained, and the question is whether or not, on the face of the bill of complaint, there is disclosed a situation existing between complainant and *cestuis que trustent* which requires that complainant make them parties or whether, in the sound discretion of the court, complainant may be relieved of so doing.

As far back as *Stillwell* v. *M'Neely, 2 N. J. Eq. 305,* the court said:

"The general rule, that all persons who have an interest in the decree must be made parties, has its exceptions, and will be controlled and regulated in the discretion of the court."

In the above case the court, in dealing with the exceptions to the above stated rule, points out cases of inconvenience and expense by reason of the great number of parties as being one of the exceptions, but does not attempt or pretend to point out any other exception.

In *Willink* v. *Morris Canal and Banking Co., 4 N. J. Eq. 377,* the court reiterated the general rule and invoked the exception in favor of the complainant, who was not required to join his *cestuis* because of inconvenience and expense of so doing, and also held:

"Nor is it necessary that the complainant should state upon the face of his bill, in order to warrant the filing of the bill in his own name, that the *cestuis que trusts* are so numerous that they cannot, without great inconvenience, be brought before the court."

But this was based on the proposition that these facts "sufficiently appears upon the face of the mortgage, as disclosed in the bill."

These cases have been consistently followed and the court of errors and appeals, in *Tyson* v. *Applegate, 40 N. J. Eq. 305* (at *p. 311*), points out the general rule, as follows:

"In proceedings upon mortgage, the general rule is that there can be no redemption or foreclosure of a mortgage unless all the persons entitled to the whole mortgage-money are before the court. So, if a mortgage has been made to a trustee in trust, all the *cestuis que trustent* should be made parties, as well as the trustee, to a bill to foreclose. *Story Eq. Pl.* § *201; 1 Dan. Ch. Pr. 213.* This rule has been constantly applied in our court of chancery. *Chapman* v. *Hunt, 1 McCart. 149; Large* v. *Van Doren, 1 McCart. 208; Jewell* v. *West Orange, 9 Stew. Eq. 403.*"

The court in the above case then says: "These general rules admit of exceptions arising out of the circumstances of particular cases," and then proceeds "to select the exceptions applicable to such cases as that now before us" and, after reviewing the cases theretofore decided, the court said:

"I have not been able to find that the general rule, requiring the presence of both trustee and *cestuis que trustent* in proceedings for the foreclosure of a mortgage *made in trust,* is subject to any other exception than that applied in *Willink* v. *Morris Canal and Banking Co., supra,* and similar cases."

Citation of further authorities for the general rule and its exceptions would serve no useful purpose. They are uniform.

Taking into consideration the allegations of the bill of complaint and common knowledge of the nature of the transaction between complainant and the sixty-four original investors to whom it sold participating certificates, does it appear that a strict adherence to the general rule, requiring these certificate holders to be made parties to the bill, would cause great inconvenience or unnecessary expense? There is, of course, no arbitrary number of parties which, when apparent, will justify the relaxing of the general rule, and each case must depend upon its own circumstances.

An inspection of the form of the participating certificates annexed to the bill of complaint shows that it is assignable and there is no provision for registration, so that the only definite knowledge complainant now has as to the present owners of said certificates is the recorded sale of each certificate, without any means of knowing what may have been done with the certificates by the purchasers thereof. The mortgage was created in October of 1927 and it is apparent that in the

interval others have become interested in some of these certificates, either through purchase from the original owners or by reason of his or her death or through deposit as collateral for loans, &c., almost indefinitely. In addition to the sale of the certificates, so made through the Baltimore office of complainant company, it must be apparent that the original purchasers were in that state, so that to bring them into court, inquiry and publication would be necessary, involving a long delay and considerable expense.

In addition to this, there does not seem to be any diversity of interest as between the complainant and the certificate holders. The bill is to foreclose a mortgage, not originally a trust mortgage, but a mortgage given directly from the defendant to the complainant, to secure moneys originally advanced by the complainant to the defendant. The foreclosure is sought by reason of defaults on the part of the defendants, which they admit on this motion. The decree will fix the amount due from defendants to complainant and, unless defendant redeems its rights, will be foreclosed. Defendant does not have to see to the application of the moneys it might pay, either in satisfaction of the mortgage or decree. The original debtor and creditor are complainant and defendant and the rights of the certificate holders are under their contract with the complainant.

Finally, the certificate holders have appointed complainant their agent to collect principal and interest, to receipt therefor when and if paid and to proceed in law or equity to enforce collection if not paid, without requiring that they be made parties to any such proceedings looking toward that end. As is said by Vice-Chancellor Backes in *Continental Bank and Trust Company of New York* v. *Fulton Realty Co., 10 N. J. Mis. R. 1105:*

"That they dispensed with, why should not the court? Their absence does not render the bill defective."

Defendant cites *Continental Bank and Trust Company of New York* v. *Fulton Realty Co., supra,* and says that the court therein, although it advised the trustees that suits might be brought in its own name, without joining the *cestuis que trustent,* held:

"Upon motion in the cause by the defendant, the trustee may be directed to give notice."

True, but the motion before me is to strike the bill of complaint and not an application by the defendant that the complainant give notice to the *cestuis que trustent*.

It might be pointed out that Vice-Chancellor Fielder, in *First National Bank of Hoboken* v. *Steneck, 13 N. J. Mis. R. 4* (at *p. 13*) ; *176 Atl. Rep. 93,* having relieved the trustee of making the *cestuis* parties, by reason of their great number and the additional expense, said that there was no committee representing the *cestuis* which could be made a defendant for the purpose of bringing all certificate holders before the court but, he said, "if such a committee should be formed it may apply to the court, should it so desire, to be given notice of all foreclosure suits."

Vice-Chancellor Backes, in *Continental Bank and Trust Company of New York* v. *Fulton Realty Co., supra,* also pointed out that "the trustee, for its own protection, may give them notice of the pendency of the suit and they may, on application, be allowed to intervene as parties defendants \* \* \* or on a motion in the cause by the defendant, the trustee may be directed to give notice."

In view of the fact that there are sixty-four certificate holders, as aforesaid, who have appointed the complainant their agent to collect the principal and interest on the bond and mortgage in question, without requiring that they be made parties to these proceedings, and in view of the fact that these certificate holders hold assignable certificates which were not required to be registered, and in view of the fact that the original sales were made in a foreign state, and of the great inconvenience, if not practical impossibility, of locating the present holders of the certificates, and the additional cost and expense of attempting to locate the present certificate holders in order to make them parties hereto, the court denies the motion to strike, leaving it open to any certificate holder or holders to make application to be joined as a party and also leaving it open to the defendant, if it so desires, to make application to the court that the complainant give such notice as may be required to participating certificate holders.

The costs of this motion will abide the final decree.