The bill of complaint was filed by the trustee in bankruptcy of George J. Kearney and Clara M. Kearney, his wife, to recover fifty shares of stock of the Blue White Laundry Co., Inc., which were transferred to the defendant, the mother-in-law of Mr. Kearney.
The bill alleges that the transfer was made on May 15th, 1936, within four months before the filing of the petition in *Page 122 
bankruptcy and, therefore, fraudulent under R.S. 25:2-7, etseq. It also alleges that the preference is voidable under the Federal Bankruptcy Act.
The answer denies the fraud and says that the transfer was for a valuable consideration, namely, an antecedent debt owed to Mrs. Dooley by Mr. Kearney. The answer also sets forth that the transfer was made on October 1st, 1935, and not on May 15th, 1936, as alleged in the bill.
From the evidence I have concluded that Mr. Kearney was insolvent in May, 1936. He had been engaged in the laundry business with his wife trading as "The Domestic Laundry Service." The debts incurred while engaged in the last mentioned laundry business resulted in his bankruptcy proceedings. Kearney owned fifty shares of stock in the Blue White Laundry Co., Inc., which, from the evidence, constituted his sole assets. The stubs in the stock book of the Blue White Laundry Co., Inc., relative to the said fifty shares, appear to bear the date of transfer to Mrs. Dooley as of October 1st, 1935. It appears from the stock book that the figure "5" was superimposed over the figure "6" in the date appearing on the stub. I, therefore, conclude from the evidence, including the testimony of the president of the company, that the actual transfer was made the latter part of May or the early part of June, 1936.
I also have concluded that the testimony of Mrs. Dooley relative to the consideration is not convincing.
The transfer is, therefore, fraudulent under the statute.