This cause and the related cause of South Amboy Trust Co. v.McMichael Holdings (see 56 Atl. Rep. 2d 435 and141 N.J. Eq. 12; 56 Atl. Rep. 2d 437) have had many controversial branches and one or the other continues to ramify.
The subject engaging present attention is introduced by the petition of one Daniel Henderson filed in this cause on January 20th, 1948. The petitioner is not a party to this suit. But, see,Chancery Rule 13; Guest v. Hewitt, 27 N.J. Eq. 479; Boehm v.Rieder, 96 N.J. Eq. 167; 125 Atl. Rep. 23; affirmed, 98 N.J. Eq. 688; 130 Atl. Rep. 917; Weinberger *Page 340 
v. Goldstein, 99 N.J. Eq. 1; 132 Atl. Rep. 659; affirmed,101 N.J. Eq. 310; 137 Atl. Rep. 920; Fisovitz v. CordoscoConstruction Co., 102 N.J. Eq. 354; 140 Atl. Rep. 573; Downs v.Jersey Central Power, c., Co., 115 N.J. Eq. 448;171 Atl. Rep. 306; Masholie v. River Edge Estates, 135 N.J. Eq. 193;37 Atl. Rep. 2d 861; affirmed, 136 N.J. Eq. 118; 40 Atl. Rep.
2d 627.
On March 25th, 1947, a final decree was entered in this cause wherein it was adjudged in accordance with the existing state of the proof that there was due to the complainant approximately $15,122 and costs. On or about October 17th, 1947, complainant executed an assignment of the final decree in favor of his wife, Harriet C. Reid. The assignment was immediately filed in the office of the clerk of this court. The title of the suit has not been amended. Cf. Trust Company of New Jersey v. McGuinness,104 N.J. Eq. 1; 144 Atl. Rep. 110.
On October 27th, 1947, a writ of fieri facias issued in pursuance of which the sheriff proceeded to sell the mortgaged premises. The complainant was the successful bidder, paid the requisite deposit, and requested the sheriff to convey the premises to Harriet C. Reid. I am informed that the sale has been confirmed but the deed has not yet been delivered.
The present petition reveals that on September 20th, 1940, the complainant executed a written agreement from which I extract the following excerpts:
"This agreement is evidence of the fact that the parties hereto [the complainant and the present petitioner] have an equal individed (sic) half (1/2) interest in the mortgages above referred to * * *."
"Receipt is hereby acknowledged by parties of the first part of the sum of One Thousand Dollars ($1,000.00) paid by party of the second part against his half (1/2) interest in all the collateral above mentioned and in the title to the premises described therein, when and as completed by foreclosure or otherwise. The balance of Five Hundred Dollars ($500.00) to be paid upon the acquisition of complete title to the said McMichael tract above mentioned."
A receipt endorsed upon the agreement by the complainant under date of January 14th, 1941, acknowledges the payment by the petitioner of the balance of $500. *Page 341 
The petition further relates that at the time of the execution of the agreement, the complainant was his legal adviser; that the complainant did not inform him of the present foreclosure and ignored him as a party in interest therein; that the petitioner was unaware of the proceedings herein until December 28th, 1947, and that the complainant and his wife have refused either to return his advancement of $1,500 or to transfer to him a one-half interest in the property. The agreement between the complainant and the petitioner was not recorded until December 29th, 1947.
I observe with interest that the present application was noticed for hearing on January 20th, 1948, and I am informed that on the preceding day the complainant was adjudged a bankrupt.
The petitioner prays that the final decree, the fieri facias, and the sheriff's sale be vacated and annulled, and that he may be permitted to enter the cause and disclose his rights and interests.
On a bill for foreclosure it is the general rule that all persons entitled to the mortgage money should be before the court. Story Eq. Pl., § 201; Woodruff v. Depue, 14 N.J. Eq. 168,176; Tyson v. Applegate, 40 N.J. Eq. 305, 311; Mortgage,c., Co. v. Atlantic City, c., Center, 14 N.J. Mis. R. 1;181 Atl. Rep. 700; affirmed, 121 N.J. Eq. 110; 187 Atl. Rep. 372.
I conjecture that a trustee in bankruptcy has now been appointed to administer the property of the complainant. Under the act of June 22d 1938, chapter 575, section 70-c, U.S.C.A.Title 11, § 110-c, a trustee in bankruptcy is deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, as to all property in the custody or coming into the custody of the bankruptcy court, but state laws control as to what rights a lien or execution creditor would have. Osco Motors Corp. v. Martin, 137 N.J. Eq. 433; 45 Atl. Rep. 2d 454.
Moreover, the assignment of the final decree having been made within four months of the bankruptcy of the complainant the trustee may assail it as a preference within the intendment *Page 342 
of the Bankruptcy Act, Title 11, U.S.C.A.; Knauer v.Clevenger, 117 N.J. Eq. 445; 176 Atl. Rep. 110; Agar v.Dooley, 133 N.J. Eq. 121; 30 Atl. Rep. 2d 821; Stone v.Allied Clothing Corp., 138 N.J. Eq. 472; 48 Atl. Rep. 2d828, or as a fraudulent transfer, Fredericks v. Jacoby,128 N.J. Eq. 426; 16 Atl. Rep. 2d 809; Schwartz v. Wuester,128 N.J. Eq. 595; 17 Atl. Rep. 2d 805.
And so it seems to me that for immediate purposes I should advise an order admitting the petitioner and Harriet C. Reid as parties, inviting the trustee in bankruptcy to intervene and restrain the complainant's wife, Harriet C. Reid, from assigning or in anywise disposing of any interest she may have in the bid or in the mortgaged premises until the further order of this court. All parties will then be in court, the status quo
meanwhile maintained, and further proceedings may thus be regularly and effectively pursued.
Present order.